Rockingham, }
  Dec. 6, 1910. }

## WENTWORTH & a. v. WENTWORTH & a.

A debt due from an heir is not an advancement, but the ancestor may provide by will that it shall be so regarded in the distribution of his estate.

Where devisees under a will have discharged the executor and made an agreement among themselves for a division of the estate, questions growing out of the execution of the agreement are not matters of administration over which the probate court has jurisdiction.

BILL IN EQUITY, for the partition of four parcels of land owned by Ebenezer Wentworth at his death. The questions of

jurisdiction and laches arising upon the facts hereinafter stated, which were agreed by counsel, were transferred without ruling or finding from the January term, 1910, of the superior court by *Plummer*, J.

Ebenezer Wentworth died in 1860. His will was duly proved in 1861, and executors were appointed who assumed the trust. He left surviving a widow who died in 1865, and seven children who are all dead. The defendant Ruschenberger is an heir of John Langdon Wentworth, one of Ebenezer's sons. By the will all the testator's property was left to his widow for her life, residue at her death in equal shares to the seven children, adding as follows: "And I do order and direct that in the final distribution of my estate all sums which may be due to me from either of my sons for money loaned to assist them in business or otherwise, or which I or my estate may be liable to pay for any of them by reason of being indorser or security on any notes or bonds, or which my executors may loan or advance to any of them out of my estate on his or their notes or obligations, shall be accounted for, deemed, and taken as part of my estate, and as an advancement of such son's share respectively."

The plaintiffs introduced evidence of an agreement as to the value of the personal estate, entered into by the children and heirs of Ebenezer in March, 1861, which, together with the agreed fact as to the value of the real estate at his death, tended to establish that at the death of his father J. Langdon was indebted to the estate upon a promissory note to an amount greater than one seventh of the value of the estate. The plaintiffs also introduced in evidence a writing dated September 15, 1873, signed by all the children then living, acknowledging the full and satisfactory settlement of the estate and the receipt by each from the executor of Ebenezer of the full amounts to which they were entitled " as legatees or heirs under said will," and discharging the executor from all further liability thereunder. One of the sons, George J., died November 19, 1872, intestate and without issue.

The plaintiffs also introduced in evidence entries in a ledger kept by the executor of the will, which, under date of August 31, 1873, charged J. Langdon "for balance of interest on his note dated June 30, 1855, $11,646.94," and credited him with cash received from the administrator of George J., $6,336.85. In 1874, J. Langdon quitclaimed to his five surviving brothers and sisters his interest in two of the parcels of land, but never made any conveyance of the other lots. There were memoranda upon the ledger with the entry crediting J. Langdon, stating in substance that it was made in accordance with an agreement of the heirs, that they were all fully cognizant thereof and consented to.

the settlement, and that the consideration was the relinquishment by J. Langdon of all claims upon the property of the estate to which he had none under the will because his indebtedness was greater than the share to which he would otherwise have been entitled.

The plaintiff Yates claims that the evidence tends to show that J. Langdon took no interest in his father's real estate and that the matter of advancement had been settled by agreement. The defendant Ruschenberger contends that the matter of advancement to J. Langdon must first be determined in the probate court.

*Eastman, Scammon & Gardner*, for Albert Yates.

*Frink, Marvin & Batchelder*, for Charles C. Wentworth and Katherine W. Ruschenberger.

PARSONS, C. J.   An "advancement is a completed gift by the ancestor, to be accounted by the recipient as his share or part of his share in distribution,   .  .  .   and is no part of the ancestor's estate at his death.   It is not a loan to be repaid to the ancestor or to his representative after death.   It is not a legacy paid in advance,   .  .  .   it cannot be understood that repayment was intended by the parties, nor, in the absence of express provisions in the statute to that effect, can it be inferred that the legislature intended the advancement should be paid into the estate and considered as a part of the assets in distribution.   .  .  .   The heir who has received an advancement, in accounting for it according to its value, as a part or the whole of his share, receives so much less of the residuum of the estate than he otherwise would.   It is deducted from his share of what estate is found at the ancestor's death.   If, as in this case, the advancement exceeds what his share otherwise would be, he accounts for it as ' the whole ' of his share,   .  .  .   but is not called upon to contribute something as a gift to make the other shares equal to the remainder of his advancement."   *Marston* v. *Lord*, 65 N. H. 4; *Dixon* v. *Marston*, 64 N. H. 433; *Fellows* v. *Little*, 46 N. H. 27.

J. Langdon's note held by his father evidenced a debt owed by J. Langdon, and does not prove, but disproves, a completed gift to him from the ancestor.   The debt was not an advancement. Moreover, the children of Ebenezer take as devisees under the will and not as heirs under the statute.   The law of advancement does not directly apply.   P. S., c. 196, s. 9; 14 Cyc. 165, and cases cited.   But while a debt is not an advancement, a testator may doubtless direct that a debt due from a legatee be regarded as an advancement and so treated in making distribution under

the will. *Bacon* v. *Gassett*, 13 Allen 334, 337. The first question is as to the construction of the testator's will, of which the superior court has jurisdiction, and authority, consequently, to proceed with such hearing as may be necessary to construe the will. No question of construction has been transferred.

The real estate of a deceased person not insolvent vests at once upon his death in his heirs or devisees, subject to be divested by proper proceedings in due course of administration. *Lucy* v. *Lucy*, 55 N. H. 9. Unless the will means to exclude J. Langdon, because of his indebtedness, from the list of the testator's children to whom he gave his estate in equal shares, upon the proof of the will one seventh of the real estate vested in him subject to his mother's life estate, and subject to be divested in whole or in part upon the final distribution of the estate, as his indebtedness might prove to be less than or equal to his interest as legatee.

No proceedings were had in the probate court to ascertain the amount of Ebenezer's personal estate available for distribution, but the proof tends to show that each of the legatees settled with and discharged the executor. If any party interested in the estate and aggrieved by this discharge desires further administration, application therefor can be made to the probate court, with slight prospect of success, however, after this lapse of time. *Mercer* v. *Pike*, 58 N. H. 286; *Clarke* v. *Clay*, 31 N. H. 393; *Child's Appeal*, 23 N. H. 225; *Kittredge* v. *Betton*, 14 N. H. 401. Having discharged the executor, it was competent for the legatees to divide the estate, both personal and real, among themselves as they saw fit. *Brewster* v. *Demarest*, 48 N. J. Eq. 559. The superior court has jurisdiction to determine the existence of such an agreement and to give such effect to it as it may legally have. No question of administration is involved. The title as between the devisees would depend upon the agreement, and not upon the will except in so far as it was a part of the agreement.

The plaintiffs' contention is understood to be that in the settlement of which evidence was offered J. Langdon agreed to release his entire interest in the estate. There was evidence that he released the executor and conveyed to his five surviving co-devisees his interest in two parcels of land belonging to the estate, but made no conveyance of the other two. If the conveyance made was in full compliance with the agreement, the parties must have contemplated J. Langdon's ownership of one sixth of the real estate not conveyed. If he agreed to convey and did not, the question would be whether performance could now be required. The agreement was made in 1873. As a general rule, courts of equity, equally with courts of law, are bound by the statute of limitations. *Sugar River Bank* v. *Fairbanks*, 49 N. H. 131, 139.

Whether the bar of the statute will prevent J. Langdon's heir from claiming the interest in the estate which her ancestor did not convey, or debar the heirs of the other five from denying her claim to the same, or whether, if the statute does not apply, the five from the long delay have lost such remedy in equity as they might otherwise have had, are questions dependent upon facts as to which the case gives no information.

The plaintiffs offered evidence tending to show that Ebenezer actually owned only one fourth of one of the tracts. The defendant Ruschenberger has no interest in this tract, as J. Langdon conveyed his interest in 1874 and no one has appeared to controvert the plaintiffs' claim.

*Case discharged.*

All concurred.