Strafford; }
May 4, 1915. }

JOHN T. PEASLEE, *Ex'r, v.* HOLMES B. ROUNDS & *a.*

The interpretation of a will is the ascertainment of the testator's intention; and that being disclosed, the court has no discretion as to its enforcement.

Where the only secular schools in a city are those maintained by the Roman Catholic Church, a bequest to the municipality for the benefit of the "indigent children in its Protestant schools" is to be construed as meaning such pupils in the public schools, if that was the apparent intent of the testatrix.

Promissory notes and bank checks do not pass by a clause of a will which specifically excepts "stocks and bonds and other securities," and fall into the residue unless otherwise disposed of.

BILL IN EQUITY, by the executor of the will of Martha A. Peaslee, for direction as to the disposition of certain bequests. Transferred without ruling from the September term, 1914, of the superior court by *Sawyer,* J.

At her decease, the testatrix was possessed of real and personal property to the amount of $10,589.98. A note of Mrs. Isabella Anderton for $275 and an uncashed check on the Strafford National Bank for $15 are the only items which it is necessary to specify. The material parts of the will are as follows:

"Third: I give, bequeath and devise to my brother John T. Peaslee the sum of $3,000, one share of Boston & Maine Railroad stock, one share of American Telephone and Telegraph stock, and the use of my furniture and household furnishings his lifetime and the remainder of my personal property *except moneys in the banks and stocks and bonds and other securities.*

"Sixth: I give, bequeath and devise unto the said city of Dover for the indigent children in its Protestant schools income of the following sums of $1,000 for glasses and care of their eyes also the sum of $1,000 for removal of adenoids and the sum of $1,000 for manual training. The above to be known as the David Drew fund.

"Seventh: All the rest, residue and remainder of my property, real, personal and mixed, I give, bequeath and devise unto the Dover Children's Home to it and its successors and assigns."

At the date of the will and since, Dover maintained manual training in its public schools. The court found that by the words "Protestant schools" the testatrix intended the public schools of Dover, and that there are no secular schools in the city except the parochial schools maintained by the Roman Catholic Church. It

was also found that Holmes B. Rounds and John T. Peaslee would have inherited the property of the testatrix if she had died intestate.

Instructions were requested upon the following points: (1) Whether the executor shall pay to the city of Dover the sum of $3,000 as provided in the sixth clause of the will, the income thereof to be apportioned into thirds and applied to the public schools of Dover, as suggested by the language in said clause referring to the Protestant schools?   (2) If the legacy named in the sixth clause lapses, by reason of the city not maintaining any distinctively "Protestant schools," does the sum therein named pass under the third clause to John T. Peaslee, or under the seventh clause to the Dover Children's Home, or to Holmes B. Rounds and John T. Peaslee, the legal heirs of Martha A. Peaslee?   (3) Does the note of Mrs. Isabella Anderton for $275 or the uncashed check on the Strafford National Bank for $15 pass under the third clause or the seventh clause?

*Arthur G. Whittemore*, for the plaintiff.

*James B. Adams*, for the city of Dover.

*F. Clyde Keefe*, for the Dover Children's Home.

PLUMMER, J.   The intention of the testator is the sovereign guide in the interpretation of a will.   That being ascertained, the court must enforce it, and has no discretion in the matter.   *Opinion of the Justices*, 66 N. H. 629, 651.   "The whole will must be taken together, and such construction be put upon it as will carry into effect the purposes the testator had in view.   We must be guided not by the letter, but by the spirit of the instrument."   *Judge of Probate* v. *Hardy*, 3 N. H. 147, 151.   "We are not so much to follow any particular words or phrases, as to gather from the whole the testator's real intent."   *Healey* v. *Toppan*, 45 N. H. 243, 264. "The testator's intention expressed in the will, whatever be the form of the expression, is the governing factor."   *Paul* v. *Philbrick*, 73 N. H. 237.

It is therefore our duty to ascertain, if possible, the intention of Martha A. Peaslee when she wrote the sixth clause of her will, and to execute that intention.   The bequest is to the city of Dover for the indigent children in its Protestant schools.   It is contended that the bequest fails because there are no schools in Dover known as

the Protestant schools.  It is true there are no schools in Dover by that name, but it is apparent that when the testatrix wrote "Protestant schools" she intended the public schools of Dover.  She undoubtedly knew that there were large parochial schools there maintained by the Roman Catholic Church, and she used the word "Protestant" to distinguish the schools to which she was making a bequest from the parochial schools.  It is clear that she intended to make the bequest for the benefit of the indigent children in the schools of Dover.  She says: "I give, bequeath and devise unto the said city of Dover for the indigent children in *its* Protestant schools." The word "its" distinctly shows that the bequest was made to the city of Dover for the indigent children in its schools; and as the public schools are the only schools which the city has, there can be no doubt that it was the intention of the testatrix to make the bequest to the city of Dover for the benefit of the indigent children in its public schools.

That the bequest was for the benefit of the indigent children in the public schools of Dover could not have been questioned if the language of the will had been: I give, bequeath and devise unto the said city of Dover for the indigent children in its schools.  The word "Protestant" could be rejected as surplusage.  The case seems fairly to come within the rule, *falsa demonstratio non nocet.* "It is characteristic of the cases within that principle, that there is a sufficient description of the object or subject intended, independent of the erroneous description."  *Trustees* v. *Peaslee*, 15 N. H. 317, 329; *Winkley* v. *Kaime*, 32 N. H. 268, 274.

While the purpose of the testatrix might be carried out by rejecting the word "Protestant" as surplusage, it can also be done by substituting public for "Protestant"; for to effectuate the intention of the testator one word or phrase may be substituted for another. *Hall* v. *Blodgett*, 70 N. H. 437; *Phelps* v. *Bates*, 54 Conn. 11; *Du Bois* v. *Ray*, 35 N. Y. 162; *Bliven* v. *Seymour*, 88 N. Y. 469; *Hallowell's Estate*, 11 Phila. 55; *Slingluff* v. *Johns*, 87 Md. 273; *State* v. *Joyce*, 48 Ind. 310; *Briant* v. *Garrison*, 150 Mo. 655; 40 Cyc. 1401. Upon the authority of these decisions, the soundness of which is not questioned, the word "Protestant" in the will of the testatrix should be construed as meaning public, and thereby her purpose and intention can be carried into effect.

In relation to the note of Mrs. Isabella Anderton and the uncashed check on the Strafford National Bank, as to which the executor prays for instruction, the plaintiff concedes in his brief that the note

would not pass under section three of the will. Neither the note nor the uncashed check would pass under section three, but under section seven of the will. It is held that promissory notes are securities. *Jennings* v. *Davis*, 31 Conn. 134, 139; *Wagner* v. *Scherer*, 89 N. Y. App. Div. 202; *Bank of Commerce* v. *Hart*, 37 Neb. 197, 202. It has been decided in this state that "a bank check is substantially the same as an inland bill of exchange; and, in general, is governed by the law applicable to bills of exchange and promissory notes." *Barnet* v. *Smith*, 30 N. H. 256, 264.

The executor is advised to pay to the city of Dover $3,000, the income of which is to be expended by said city for the indigent children in its public schools, for the purposes specified in section six of the testatrix's will; and that the note of Mrs. Isabella Anderton and the uncashed check on the Strafford National Bank pass under section seven of said will.

*Case discharged.*

All concurred.