Hillsborough,
.June 29, 1922.

HARRY L. DAVIS, *Ex'r, v.* GEORGE L. JENKS & a.

PETITION, of Harry L. Davis, executor of the will of Letitia ·M. Weston, for instructions as to his duties. Facts agreed. .Letitia M. Weston died October 20, 1920, leaving a will which has been duly allowed by the probate court for Hillsborough county. By the eleventh clause of the will bequests are made in trust to Florence W. and Weston M. Jenks. Florence W. died before the .death of the testatrix, unmarried and without issue. The question whether this bequest to Florence W. lapsed at her death was ·transferred at the January term, 1922, of the superior court by _Branch, J.

*Warren, Howe & Wilson,* for the executor.

*Harry E. Loveren,* for Jenks.

PLUMMER, J.　The eleventh clause of the will gives to Florence W. and Weston M. Jenks, minor children of George L. and Lill Anna Jenks, the sum of three thousand dollars each, the same to be held in trust for them by their father, "and upon exactly the same terms and conditions as to such trust as is more particularly set forth in Paragraph Thirteen of this Will." This trust, therefore, is to be administered as provided in paragraph thirteen of the will. Consequently we must examine paragraph thirteen to ascertain how the trust is to be administered.

In clause thirteen, the testatrix bequeaths the residue of her estate to her daughter, Lill Anna, wife of George L. Jenks, if living. "If not, then to the said George L. Jenks, in trust, for Florence W. and Weston M. Jenks, minor children of the said Lill Anna and George L. Jenks, paying unto them the income therefrom arising at least once a year, when each of them shall have attained the age of twenty-one years, and the principal when each shall have attained the age of thirty years (either child deceasing, unmarried, either before or after my death, his or her share to the survivor), and upon such final payment when said youngest child shall have attained the age of thirty years, then this trust shall cease and terminate." If neither child should attain the age of thirty years, then the residue of the estate is bequeathed unto George L. Jenks, to have and to hold the same forever. But in the event of the decease of either or both of said children, leaving issue by them, then the issue of such deceased child to take his or her parents' share therein, in which event, the residue and remainder of the estate is bequeathed unto such issue equally, to have and to hold the same to them and their heirs forever.

An examination of sections eleven and thirteen of the will clearly demonstrates that it was the intention of the testatrix (which is the supreme guide in the interpretation of a will, *Peaslee* v. *Rounds*, 77 N. H. 544; *Stratton* v. *Stratton*, 68 N. H. 582, and cases there cited) that if either Florence W. or Weston M. Jenks died unmarried and without issue, then the three thousand dollars devised to that one in trust by section eleven should go to the survivor. For these legacies were to be held for them in trust upon exactly the same terms and conditions as the bequests given to them in section thirteen, and by that section, if either child died unmarried and without issue, either before or after the death of the testatrix, his or her share passes to the survivor.

The executor is advised that the bequest to Florence W. Jenks

in the eleventh clause of the will does not lapse, but goes to Weston M. Jenks, to be held and administered according to the terms of the will.

*Case discharged.*

All concurred.