Belknap, Nov. 4, 1942. } No. 3356.

NATHAN H. MORRISON *v.* VERDIE E. JOHNSON.

220

*Tilton & Tilton (Mr. Frederick A. Tilton* orally), for the plaintiff.

*Harold E. Wescott* (by brief and orally), for the defendant.

MARBLE, J.   If the northerly and southerly boundary lines of the land conveyed to the defendant in 1931 are sufficiently projected in an easterly direction, they reach a brook.   This brook, according to the testimony, is called Cold Brook or the fish hatchery brook. Another brook is situated south of the defendant's land, and it could be found on the evidence that this stream was, at the time the testatrix executed her will, commonly called the Brook.   The plaintiff therefore contends that the testatrix, when she designated "the brook" as one of the boundaries of the tract which she devised to the defendant, had reference to this particular stream.   This construction cannot be adopted.   The word "brook" contained in clause 2 is not capitalized, and there is nothing to indicate its use as a specific name.

The plaintiff further contends that the testatrix could not have intended to devise the area lying east of the defendant's property since, although this area is much larger than the lot conveyed to the defendant in 1931, it is referred to in the will as a small tract of land. The use of the word "small" is of slight significance.   The term is a relative one, and it is a well-established rule governing the construction of conveyances that "boundaries and abuttals control the estimate of quantity."   *Rollins* v. *Varney*, 22 N. H. 99, 101.

Since the description in clause 2 is definite and unambiguous and

applies with reasonable certainty to a specific tract of land, the testimony of the attorney who drew the will tending in some slight degree to prove that the testatrix intended to devise a different tract was not admissible. *Jones* v. *Bennett*, 78 N. H. 224, 228, 229; *White* v. *Weed*, 87 N. H. 153, 155, 156. "The rule against over-throwing the terms of a document by reason of a *mistake of drafting* . . . , or, what is the same thing, by declarations of a contrary intention . . . , is a legitimate one, and must be observed." 9 Wig. Ev. (3d *ed.*), *s.* 2476, *p.* 254. The defendant's exception to the introduction of the testimony in question is sustained.

The conclusion that the defendant must prevail for the reasons already stated makes it unnecessary to consider the question of laches or the propriety of the form of action.

*Bill dismissed.*

All concurred.