Coos Probate Court,
No. 5341.

## IN RE GEORGE H. MORRISON ESTATE.

Argued May 5, 1965.
Decided July 21, 1965.

*Hinkley & Donovan* (by brief) for the trustee.

*Booth, Wadleigh, Langdell, Starr & Peters* (*Mr. Theodore Wadleigh* orally), for Ralph G. Morrison, the only known heir.

*Robert E. Bowker* and *Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the Morrison Hospital Association.

*Ernest R. D'Amours*, Director of Register of Charitable Trusts, pro se, filed no brief.

*Thomas M. Walsh* for the guardian ad litem, filed no brief.

KENISON, C. J. Certification of questions of law by the probate court for Coos county (*Harrigan*, J.) relating to the construction and the proper distribution of the income of the residuary trust under the will of Dr. George H. Morrison. This certification was made upon an agreed statement of facts submitted by all interested parties pursuant to the provisions of RSA 547:30. The testator died May 27, 1932 and his will dated March 22, 1932 provided that the trustee should pay the income of the residue to his wife annually during her life " . . . and upon

her death said income shall be paid annually to the Morrison Hospital Association of Whitefield in the State of New Hampshire, said trust to be perpetual." The widow died November 6, 1963. The first question certified is whether the Morrison Hospital Association is entitled to receive the income of the trust subsequent to the death of the widow and life tenant. The question arises because at the time of the testator's death the name of the voluntary corporation (RSA ch. 292) which operated the hospital was "Morrison Hospital and Training School Association."

Dr. Morrison operated a private hospital and a nurses training school for some years in Whitefield. In 1927 he made a gift of the land and buildings comprising this institution to the town of Whitefield. In the same year there was formed a voluntary corporation under RSA ch. 292 under the name of Morrison Hospital and Training School Association to operate the hospital and nurses home "recently given to the Town of Whitefield by George H. Morrison, M. D. . . . " In 1929 the town of Whitefield conveyed the property to this voluntary corporation which operated from that time until 1949, at which time the property was then again conveyed to the town of Whitefield.

From 1949 to 1962 this corporation was inactive but it was not dissolved and it did not forfeit its charter. In 1962 the surviving members of the Morrison Hospital and Training School Association changed its name to "Morrison Hospital Association." In 1963 the town of Whitefield conveyed the property pursuant to vote of the town to the Morrison Hospital Association, which now owns and operates the hospital.

It is contended on behalf of the only heir, Ralph G. Morrison, that the Morrison Hospital Association is not entitled to receive the income of the trust because it was not in existence at the date of the testator's death and became a mere corporate shell from 1949 until 1962. *National Ass'n* v. *Ass'n*, 141 Colo. 69; *In re Harrington's Estate*, 151 Neb. 81. "A misnomer or other incorrect statement in the description may be disregarded if there is sufficient other information to identify the beneficiary with reasonable certainty in the light of evidence of surrounding circumstances . . . . A very common form of misnomer or misdescription of a beneficiary is found where testator attempts to make a devise or bequest in favor of a corporation, generally a religious or charitable institution. In such cases, where either the name or the description given in the will corresponds in part

to the name or description of any existing corporation, extrinsic evidence of the relation of testator to such corporation is admissible as tending to show his intention to devise or bequeath property to such corporation." 4 Page, Wills, s. 32.6, pp. 252-253 (Bowe-Parker Rev. 1961). *Smith* v. *Kimball,* 62 N. H. 606; *Peaslee* v. *Rounds*, 77 N. H. 544, 546.

Cases in this jurisdiction have quite uniformly taken the position that an erroneous description in the name of a legatee is not fatal where the identity of the legatee is reasonably clear. *Trustees* v. *Peaslee*, 15 N. H. 317; *Madden's Petition*, 86 N. H. 583; *White* v. *Lodge*, 100 N.H. 138.

In the present case it is clear that Dr. Morrison and his wife devoted the greater part of their lives to the welfare and advancement of the hospital. There was no other organization in Whitefield or the surrounding area which contained the name Morrison in any form. The records of the Morrison Hospital and Training School Association were incomplete but it is evident that Dr. Morrison and his wife as well as the community recognized the Morrison Hospital and Training School Association as merely another name for the Morrison Hospital Association mentioned in the will. Such erroneous description or misdescription or such inaccuracy of description is not sufficient to force the property into intestacy. *Madden's Petition,* 86 N. H. 583; *Society* v. *Hatch*, 48 N. H. 393. To do so would be to exalt form over substance and frustrate the normal expectations of a normal testator. *White* v. *Lodge,* 100 N. H. 138. Both this court and the Legislature have recognized that donations, grants and gifts to charitable organizations and corporations are to be sustained in spite of technical errors in description and corporate form. RSA 292:14. See *In re Lathrop Estate,* 100 N. H. 393, 395; *White* v. *Lodge,* 100 N. H. 138.

Accordingly we conclude that the answer to the question certified is that the Morrison Hospital Association is entitled to receive the income under Dr. Morrison's trust subsequent to the date of death of his widow. This makes it unnecessary to answer the remaining question whether the trust income could be applied to the Morrison Hospital Association under the cy pres doctrine. See 4 Scott, Trusts (2d *ed.* 1956) s. 397.3; Restatement (Second), Trusts, s. 399, *comment* o.

*Remanded.*

All concurred.