Probate Court, Grafton County
No. 7690

IN THE MATTER OF JOHN M. SHIRLEY ESTATE

November 16, 1977

*Hall, Morse, Gallagher & Anderson,* of Concord (*Mr. Mayland H. Morse, Jr.,* orally), for Kearsarge Masonic Associates.

*Tesreau & Dashbach,* of Lebanon, and *Robert J. Piampiano* (*Mr. Piampiano* orally), for residuary beneficiaries.

DOUGLAS, J.    The issue in this case is one of determining the intention of the testator, John M. Shirley, as disclosed by his self-drafted will. We find that it was the design of the testator to benefit the Kearsarge Masonic Associates whether or not the sum found in the list of "borrowings" attached and made a part of the will was in fact collected from his son, Robin Shirley.

In contention is the residuary clause of the testator's will, providing as follows:

Remaining proceeds of my estate to be paid *in trust* to the children of Robin Shirley, less any sums owed to me by Robin, a list of which is attached hereto, which sum or sums are to be paid to Kearsarge Masonic Associates of Andover, N.H. The trust fund to be used for education of Robin's children, unless thru calamity or adversity, it became necessary to use the funds for their maintainance [sic] and support.

The Probate Court (*Jones,* J.) found that it was the intention of the testator only to make a bequest to the lodge if any sums were collected from Robin Shirley. We disagree.

■ The testator's intent is the sovereign guide in the interpretation of a will, and, this intent being ascertained, the court must enforce it unless it is illegal or impossible to do so. *Amoskeag Trust Co. v. Haskell,* 96 N.H. 89, 91, 70 A.2d 210, 213 (1950). Here the testator provided that any remaining proceeds of his estate were to be placed in trust for the education of the children of Robin Shirley (his grandchildren), reduced by that sum owed to him by Robin. That sum he felt owing from Robin was to be paid to the lodge. The testator's will makes no mention whatsoever that Robin was to actually supply the funds that would be distributed to the lodge. Given that Robin was unquestionably in his father's disfavor and the will listed examples of his irresponsibleness, it is incongruous to assume that the testator would trust Robin voluntarily to provide those funds which he intended to use as a way of showing his gratitude to the lodge with which he had enjoyed a long-time membership and association.

■ This language of the will and those terms that are in contention in the residuary clause are to us dispositive of the testator's intent to benefit Kearsarge Masonic Associates whether or not sums were collected from Robin Shirley. The testator said that his son, Robin, was not to benefit from his death in any way other than receiving "a choice of my hand and power tools." His dissatisfaction with Robin due to explicitly set forth examples contained in the will show what the testator felt was undutifulness and financial irresponsibility. The enumeration of Robin's behavior only further indicates, as the testator so aptly stated, "that he has had his slice out of me while I was living."

■■ It is not inconsistent to read those "borrowings" listed and attached to the will of John Shirley as advancements. An

" 'advancement is a completed gift by the ancestor, to be accounted by the recipient as his share or part of his share in distribution . . . and is no part of the ancestor's estate at his death. . . . The heir who has received an advancement, in accounting for it according to its value, as a part or the whole of his share, receives so much less of the residuum of the estate than he otherwise would.' " *Wentworth v. Wentworth,* 75 N.H. 547, 549, 78 A. 646, 648 (1910). Reading these borrowings or debts as advancements further promotes the intention of John Shirley in providing no direct benefit other than hand or power tools to his son Robin. The indirect benefit of relieving Robin of the responsibility of assisting in providing for his children's education at the expense of Kearsarge Masonic Associates does not consistently harmonize with the testamentary scheme or general intention of the will.

The probate court is advised that the testator's intent was that a bequest from the residuum of the estate to the lodge be made whether or not any sums were collected from Robin Shirley.

*Exception sustained; remanded.*

All concurred.