Belknap
No. 79-219

*In re* ESTATE OF SOPHIA SAYEWICH

March 31, 1980

*Bonafide & Bradley*, of Tilton (*Philip P. Bonafide* orally), for the plaintiffs.

*Snierson, Chandler & McKean*, of Laconia (*Bernard I. Snierson* orally), for the defendants.

BOIS, J.   This is an appeal from an order disallowing certain claims made by the plaintiffs in the estate of their mother, Sophia Sayewich. The issues raised relate to the construction of the terms of a will, and whether subdivision approval is necessary to give effect to testamentary devises of parcels of real property.

Proceedings in the probate court resulted in the certification of questions of fact and law to the superior court pursuant to RSA 567-A:10 (Supp. 1979). Jury trial was waived and a hearing was held before a Master (*Keller*, C.J.), who found that the real estate passed to the devisees according to the distances depicted on a plan incorporated by reference into the will, and that such disposition did not require subdivision approval under RSA ch. 36. *Loughlin*, J. approved the master's recommendations and entered an order in accordance therewith. The plaintiffs' motion to set aside the verdict was denied and all questions of law were reserved and transferred by *Batchelder*, J. We overrule the exceptions and affirm the court's decree.

The testatrix, a resident of Tilton, executed a will on February 4, 1977, and died on May 21, 1977. Her will provided in pertinent part:

> 2. *Part of my land* on East Main Street was surveyed by T. J. Soter in July of 1971. I am having that map recorded and the Parcels mentioned below are in reference to this map.
>
> 3. I give, devise and bequeath Parcel No. 2 to my son John B. Sayewich . . . .
>
> 4. I give, devise and bequeath Parcel No. 3 to my son Joseph P. Sayewich . . . .
>
> 5. I give, devise and bequeath Parcel No. 4 to my daughter Mary R. Siengief [sic] . . . .

6. I give, devise and bequeath *the remainder of my lands, including all the land not shown on the plan* as well as Parcel No. 1 . . . to my son Stephen P. Sayewich, but should he fail to survive me then to his children . . . .

7. All the rest, residue and remainder . . . I give, devise and bequeath to my four children . . . in equal shares, but should any one or more fail to survive me, then his or her share shall be distributed to the same persons who shall be entitled to the specific devise of land as set forth above.

(Emphasis added.) John B. Sayewich, Joseph P. Sayewich and Mary R. Siergiej are the plaintiffs herein. Stephen N. Sayewich and John Sayewich, the children of Stephen P. Sayewich, who predeceased the testatrix, are claiming their deceased father's interest as the defendants herein.

The problem with the plan referred to in paragraphs 2 and 6 of the will is that although the testatrix owned only one tract of land of approximately 225 acres, the combined acreage of the four parcels described in the plan using the courses and distances given is substantially less than 225 acres. The abutting owners of the 225-acre tract, however, are correctly described in the plan. The problem is further complicated by the fact that the plan was never recorded, and the surveyor who prepared the original document is now deceased.

The plaintiffs first argue that the decedent's testamentary devise of real property as four separate parcels required subdivision approval by the Town of Tilton prior to her death to give them effect upon her death; that such approval was never received; and that the attempted devises are therefore void and should pass under the residuary clause of the will. While such an argument is novel, we find it unpersuasive.

Subdivision regulations are not a means of controlling the alienability of land, but of promoting the orderly and planned growth of a municipality. *Patenaude v. Town of Meredith,* 118 N.H. 616, 620, 392 A.2d 582, 585 (1978); *see* RSA 36:19–29. *See generally* N.H. Office of Comprehensive Planning, THE LAND BOOK (1976). To the extent that it promotes the health, safety, morals and general welfare of the community, the imposition of subdivision regulations is a proper exercise of the police power. *Town of Tuftonboro v. Lakeside Colony, Inc.,* 119 N.H. 445, 403 A.2d 410

(1979). Although these controls may restrict certain *intervivos* transfers of real property, their focus is on the use and development of land and not its alienability.

The focus of our laws relating to the testamentary disposition of property is on the passage of title in accordance with the intent of the decedent. *Amoskeag Trust Co. v. Haskell*, 96 N.H. 89, 70 A.2d 210 (1950). Moreover, a testator's division of property by devise does not fall within the statutory definition of RSA 36:1 VIII (Supp. 1979), which provides in pertinent part:

> VIII. "Subdivision" means the division of a lot, tract, or parcel of land into two or more lots . . . *for the purpose,* whether immediate or future, *of sale, rent, lease, condominium conveyance or building development.*

(Emphasis added.) Furthermore, the passage of title to a devisee has no bearing on the use or development of that property. Devisees must still comply with local subdivision regulations if they wish to develop or transfer their property. Compliance with subdivision regulations is neither excused nor obviated by the division of property under the terms of a will.

The adoption of the plaintiffs' position as a general rule of construction would also have the effect of imposing intestacy rules of distribution upon a substantial number of testamentary transfers. This clearly conflicts with our strong constructional preference against intestacy. *See Concord National Bank v. Hill*, 113 N.H. 490, 310 A.2d 130 (1973). The testator's intent as expressed in the will is carried out to its full extent in this State, unless it is illegal or impossible to do so. *In the Matter of Shirley Estate*, 117 N.H. 922, 379 A.2d 1261 (1977). Even where a testamentary plan is impossible or impractical, a construction which salvages as much of the will as is consistent with the intent of the testator is favored. *In re Lathrop Estate*, 100 N.H. 393, 128 A.2d 199 (1956).

We observe that if the parcels created under the terms of a will cannot be developed and consequently are rendered worthless by subdivision restrictions, the devisees may seek relief. The testator is presumed not to have intended to devise worthless property, and the property should be distributed in a manner consistent with the intent of the testator as expressed in the terms of the will as a whole. *In re Lathrop Estate supra.* The remedy provided for the devisees so affected is to petition the court to

declare the individual parcel holders tenants in common of the undivided tract, partition the common property by sale, and distribute the proceeds in proportion to the value of the contributed parcels. *See* RSA ch. 538; RSA ch. 562. *See also Valley v. Valley,* 105 N.H. 297, 199 A.2d 93 (1964); *see generally* 4A POWELL, REAL PROPERTY § 611-13 (1979).

■ The plaintiffs next argue that extrinsic evidence elicited from the scrivener of the will was improperly admitted when offered to show the intention of the testatrix in making her will. We have long held that it is not permissible to ascertain the intent of a testator by extrinsic evidence which contradicts the express terms of a will. *Jones v. Bennett,* 78 N.H. 224, 99 A. 18 (1916); *see McLane v. Marden,* 111 N.H. 164, 277 A.2d 315 (1971). Extrinsic evidence may be received, however, to supplement or sustain the terms of the will, and to ascertain the testator's intent where the language used is ambiguous. *Jones v. Bennett supra.*

■ In the instant case, there was a latent ambiguity in the terms of the will, not by virtue of the language used, but from an error in the map/plan referred to in paragraphs 2 and 6 of the instrument. The fact that the distances prescribed in the map did not correspond to the prescribed abuttals triggered the need to look beyond the four corners of the instrument to ascertain the testatrix's intent. The scrivener testified at trial that the language "Part of my land on East Main Street" in paragraph 2 of the will referred to the fact that the testatrix knew that the plan referred to was in error, and that there was additional land belonging to her which was not shown on the plan. This testimony was clearly admissible for the purpose of ascertaining the meaning of "Part of my land."

■ ■ The scrivener further testified that the testatrix intended to pass the land at issue to her son Stephen by the language [I devise to Stephen] "the remainder of my lands, including all land not shown on the plan" in paragraph 6 of the will. We acknowledge that evidence of direct declarations of intent is generally inadmissible to show a testatrix's actual intent. *Merrow v. Merrow,* 105 N.H. 103, 193 A.2d 19 (1963); *Hills v. D'Amours,* 95 N.H. 130, 59 A.2d 551 (1948); 4 PAGE, WILLS § 32.9 (Bowe-Parker ed. 1961). *But cf.* RSA 516:25 (declarations of intent allowed under limited circumstances); *Abbott v. Lewis,* 77 N.H. 94, 88 A. 98 (1913) (declarations of intent allowed where provisions of will are equivocal). Even if we assume arguendo that the

scrivener's testimony in this regard was error, however, we are not of the opinion that it constituted reversible error. There was sufficient evidence before the trier of fact without the benefit of such testimony to support his findings.

The plaintiffs finally argue that real estate devised with reference to an incorrect plan should pass in accordance with the abuttals shown on the plan, and not in accordance with the distances prescribed therein. The trial court found that it was the testatrix's intent to give effect to the prescribed distances and not the abuttals, and concluded that the segment of property arising from such an interpretation was situated to the north of lots 2, 3, and 4 and was referred to in paragraph 6 of the will as "the remainder of my lands."

We acknowledge that abuttals are generally given preference over distances in the construction of contrary provisions of a deed. *See* 3 AMERICAN LAW OF PROPERTY § 12.117 (1952). In the construction of wills, however, form is not to be exalted over substance, and there is an overriding constructional preference for the maximum validity of the testator's dispositive plan. *Opinion of the Justices*, 109 N.H. 335, 251 A.2d 330 (1969); *see In re Segal Estate*, 107 N.H. 120, 218 A.2d 53 (1966). General rules of construction that defeat a testator's intent have not been enforced in this State. *In re Frolich Estate*, 112 N.H. 320, 295 A.2d 448 (1972). The record before us indicates that the testatrix was aware of the error in the plan at issue and intended to give effect to the prescribed distances. We adhere to the principle that the testator's intent is the sovereign guide in the interpretation of his will, *Royce v. Estate of Denby*, 117 N.H. 893, 379 A.2d 1256 (1977), and reaffirm our policy against voiding terms of a will because of a mistake in drafting. *In re Morrison Estate*, 106 N.H. 388, 211 A.2d 904 (1965); *Morrison v. Johnson*, 92 N.H. 219, 29 A.2d 132 (1942). This court has long held that where there is a false description of property devised in a will, but there is sufficient description of the land independent of the error, the devise will take effect. *Winkley v. Kaime*, 32 N.H. 268 (1855); *see Peaslee v. Rounds*, 77 N.H. 544, 94 A. 263 (1915). *See generally* Annot., 16 A.L.R.3d 386 (1967).

Accordingly, we overrule the plaintiffs' exceptions.

*Affirmed.*

All concurred.