U.S. District Court
No. 2000-399

SHIRLEY C. LANOUE, BY AND THROUGH HER LEGAL
GUARDIAN, OFFICE OF PUBLIC GUARDIAN

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION

June 19, 2001

*John D. MacIntosh*, of Concord, by brief, for the plaintiff.

*Paul M. Gagnon*, United States Attorney (*David L. Broderick*, Assistant United States Attorney, on the brief), for the defendant.

DUGGAN, J. The United States District Court for the District of New Hampshire (*Barbadoro*, Chief Judge) has certified the following question of law, *see* SUP. CT. R. 34:

> Whether a "special needs trust" created pursuant to 42 U.S.C. § 1396p may be revoked by the beneficiary or her guardian where:
>
> (1) the trust instrument states that the trust is irrevocable;
>
> (2) the trust was funded with the beneficiary's assets;
>
> (3) the trust was created at the request of the beneficiary's guardian after the trust's primary beneficiary was found by the probate court to be incapacitated; and
>
> (4) the trust instrument specifies that when the trust is terminated, any remaining assets are to be paid to the primary beneficiary's "heirs at law in accordance with RSA § 561:1, as if she died intestate."

For the reasons stated below, we conclude that the trust is irrevocable.

The plaintiff, Shirley C. Lanoue, is sixty-one years old. In 1987, she suffered a cerebral failure while under treatment at St. Joseph's Hospital in Nashua. The injury rendered her incompetent. The plaintiff received a settlement of approximately $900,000 in 1991 as a result of a medical malpractice action brought by her husband, her original guardian. The Hillsborough County Probate Court (*Cloutier*, J.) replaced the plaintiff's husband as guardian with the Office of Public Guardian (OPG). Thereafter, OPG established a special needs trust in accordance with 42 U.S.C. § 1396p (1994) and transferred the settlement proceeds into the trust.

The trust, typical of such trusts, endeavors to ensure the plaintiff's eligibility for Medicaid and other governmental benefits. In accordance with 42 U.S.C. § 1396p, the trust contains a payback provision that provides that, upon the death of the plaintiff, the State will be reimbursed for all Medicaid assistance provided to her during her lifetime from funds then remaining in the trust:

> Upon the death of [the plaintiff], this TRUST shall terminate, but only after the Trustee has reimbursed the State of New Hampshire (e.g. Department of Health and Human Services) and/or other state agencies for any medical assistance (Medicaid) provided to or on behalf of [the plaintiff] during her lifetime and the then remaining prin-

cipal and any accrued income shall be distributed, free from any further TRUST or condition, to [the plaintiff's] heirs at law in accordance with RSA 561:1, as if she died intestate.

The trust also expressly provides that it is irrevocable, amplifying that intent by stating that

[u]pon the execution of this TRUST, the Beneficiary shall have no ownership interest in the TRUST. She may not terminate it, may not determine the income to be distributed to herself, may not change the Trustees, and may not invade the principal. [The plaintiff] has no right to demand, secure, give, assign, transfer, mortgage, borrow against, or will the TRUST assets or income.

After the trust was established and funded in 1997, OPG applied for supplemental security income (SSI) benefits for the plaintiff. The district office of the Social Security Administration (SSA) denied the application, finding the plaintiff ineligible for SSI benefits due to excess resources. The district office concluded that, because the trust named no residual beneficiary, it was revocable and the funds in the trust must be considered a resource of the plaintiff. After a *de novo* consideration of the case, an Administrative Law Judge (ALJ) concluded that the trust was irrevocable for purposes of determining countable resources for SSI and therefore determined that the plaintiff was eligible for SSI benefits. Upon the recommendation of the Boston Regional Commissioner, the Appeals Council reviewed the ALJ's decision, reversing it and ruling that the trust was "revocable, notwithstanding the language to the contrary," that the trust funds were thus countable as resources for SSI eligibility purposes, and that the plaintiff was consequently ineligible for SSI benefits.

The plaintiff filed a complaint in the federal district court. Recognizing that this case raises an unresolved question of New Hampshire law, the district court certified the question to this court.

The defendant argues that the "trust is revocable because there is no evidence of an intent to create an interest in the grantor's heirs." While acknowledging that this is a case of first impression in New Hampshire, the defendant contends that "most States follow the general principle of trust law that if a grantor is also the sole beneficiary of a trust, the trust is revocable regardless of language in the trust document to the contrary." The defendant urges us to adopt sections 127 and 339 of the RESTATEMENT (SECOND) OF TRUSTS (1957) to defeat the settlor's stated intention that the trust

be irrevocable, thereby rendering the plaintiff ineligible for SSI benefits.

As an exception to the general rule that a trust is irrevocable if the settlor fails to reserve the power to revoke it, *see* RESTATEMENT (SECOND) OF TRUSTS § 330, section 339 of the RESTATEMENT provides that when the settlor is the sole beneficiary of a trust, he or she can revoke it. *Id.* § 339. Section 127 of the RESTATEMENT defines a beneficiary as a person to whom the settlor manifests an intention to give a beneficial interest. *Id.* § 127. Among the illustrations provided in comment *b* to section 127 is one concluding that the settlor is the sole beneficiary of a trust when he or she is to be paid income for life and, upon his or her death, the principal is to be paid to his or her heirs. *Id.* § 127 comment *b* at 274. Accordingly, the defendant argues that, because the plaintiff's trust does not specifically identify the remaindermen, but refers to them merely as the plaintiff's "heirs at law in accordance with RSA 561:1," the trust is revocable.

"It is well established in this jurisdiction that our courts have shown a signal regard for the intention of a settlor of a trust." *Indian Head Nat'l Bank v. Brown*, 123 N.H. 87, 91 (1983) (quotation, brackets and ellipsis omitted). "We will give effect to the settlor's intent unless that intent is contrary to statute or public policy. In determining the settlor's intent, courts should look to the terms of the trust. In a case such as the present one, where a court is construing an *inter vivos* trust evidenced by a written instrument, the terms of the trust are determined by the provisions of the instrument as interpreted in the light of all the circumstances and other competent evidence of the intention of the settlor with respect to the trust." *Bartlett v. Dumaine*, 128 N.H. 497, 504-05 (1986) (citation, quotation, brackets and ellipses omitted). "The settlor's intention is a question of fact to be determined by competent evidence, and not by rules of law." *Id.* at 505.

The express purpose of the trust is "to establish this TRUST consistent with 42 U.S.C. §1396p with the understanding that such funds received by Trustee are, where possible, to supplement not replace governmental assistance and benefits to which [the plaintiff] might now or in the future be entitled to receive." In furtherance of this purpose, as set forth previously, the settlor explicitly provided that the trust was irrevocable, and that the beneficiary had neither ownership interest in the trust nor the ability to influence distributions, invade the principal, or direct the disposition of either the assets or the income.

The settlor's intent is clear. To conclude that the trust is revocable would defeat the purpose of the trust and thwart 42 U.S.C. § 1396p. We will not adopt a construction that will defeat the clearly expressed intent of the settlor. Accordingly, we answer the certified question by holding that under New Hampshire law, this special needs trust is irrevocable.

*Remanded.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.