BOSTON SAFE DEPOSIT AND TRUST COMPANY *vs.* ETHELIND ADAMS & others.

Suffolk.   October 9, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Capital and Income.   Corporation,* Preferred stock.

A dividend to the preferred stockholders of a corporation declared and paid out of the accumulated surplus of net profits or undivided earnings, which is issued in the form of corporate notes and represents the arrears of past cumulative dividends that might have been declared previously on the preferred stock, is income which accrues to a holder of preferred shares when the dividend is declared, and no part of it is capital.

The right of a preferred stockholder in a corporation to a dividend does not come into existence until the dividend is declared, and before such declaration the corporation owes no debt to its preferred stockholders by reason of its having on hand an accumulated surplus of income.

BILL IN EQUITY, filed in the Probate Court for the County of Suffolk on July 29, 1913, by the executor of the will of Charles H. Adams, late of Boston, for instructions as to the disposition of the proceeds of two notes dated November 30, 1912, for $10,000 each, which were issued to the plaintiff by the Lawrenceburg Roller Mills Company, a corporation organized under the laws of the State of Indiana, as the holder of two hundred shares of the preferred capital stock of that corporation, such notes having been authorized to be issued in payment of all arrears of dividends on preferred stock up to and including December 31, 1912, with interest at five per cent compounded.

In the Probate Court Keith McLeod, Esquire, was appointed guardian *ad litem* for certain minors and for persons unborn or unascertained who might become interested.  *Dow, J.*, sitting as acting judge of the court, made a decree that the two notes and all interest received thereon and all proceeds of such notes were income and belonged to the persons entitled to receive the net income under a certain article of the will of Charles H. Adams according to their respective interests in such income.  The guardian *ad litem* appealed, and stated as his objection to the decree and his reason for the appeal that "nineteen of the twenty

dividends in arrears on the preferred stock of the Lawrenceburg Roller Mills, and all the interest paid on said arrears, said nineteen dividends and the interest amounting in the aggregate to $96.50 per share, constitute capital and not income in the hands of said executor."

Article IX of the by-laws of the Lawrenceburg Roller Mills Company was as follows:

"Preferred stock."

"Section I.   The preferred stock of this corporation shall be entitled to a semi-annual dividend of 3½%, which dividend shall be due and payable at the office of the Treasurer, Boston, Mass., on the first day of February and August in each year.

"Section II.   Said dividends on preferred stock shall be cumulative and no dividend shall be paid upon common stock so long as any dividends upon the preferred stock remain overdue.

"Section III.   The preferred stock shall be redeemed by the corporation at the office of the Treasurer, Boston, Mass., ten years from the date of its original issue.

"Section IV.   Said preferred stock shall not be entitled to any vote at either the annual or special meetings and shall have no voice in the management of affairs of the Company."

Other facts material to the decision are stated in the opinion.

The appeal came on to be heard by *Hammond,* J., who reserved the case upon the pleadings and the evidence for determination by the full court.

*H. F. Atwood,* for the plaintiff, stated the case.

*K. McLeod,* guardian *ad litem,* contended that all the dividends which were in arrears at the time of the testator's death, only one dividend having been payable after his death, were capital, because they were debts of the corporation due on the preferred stock and belonged to the testator's estate at the time of his death.

*S. C. Brackett,* (*F. S. Deland* with him,) for the defendants Ethelind Adams and others.

SHELDON, J.   This dividend has been declared and paid, and neither the corporation nor any of its shareholders have raised or sought to raise any question as to its validity.   That is not in dispute.   And it must be treated as a dividend declared and payable in cash and not as a stock dividend.   It was simply for the

convenience of the corporation that payment was to be made in its notes rather than in actual money. It was declared and paid out of the accumulated surplus of net profits, or undivided earnings; its effect was to diminish the net property of the corporation by exactly the amount of the dividend so to be paid out, and to leave the fractional interest represented by each share of stock, whether preferred or common, just what it was before. It had the characteristic features of a dividend from earnings, and not those of a stock dividend properly so called. *Gibbons* v. *Mahon,* 136 U. S. 549, 560. *Gray* v. *Hemenway,* 212 Mass. 239, 241. Such a dividend, as between tenant for life and remainderman, belongs to the former. *Gray* v. *Hemenway,* 206 Mass. 126. *Hyde* v. *Holmes,* 198 Mass. 287. *Hemenway* v. *Hemenway,* 181 Mass. 406. The rule declared in *Minot* v. *Paine,* 99 Mass. 101, 108, has been adhered to by this court.

We do not regard it as material that this dividend included the total amount of past accumulated dividends that might have been declared on this preferred stock. Whatever rights the holders of that stock may have had to compel the directors to declare and pay the stipulated dividends thereon, they still were not entitled to the dividends as such until these dividends should have been declared by the directors. It was the declaration of the dividend which created both the dividend itself and the right of the stockholder to demand and receive it. *Adams* v. *Adams,* 139 Mass. 449, 452, and cases cited. *Field* v. *Lamson & Goodnow Manuf. Co.* 162 Mass. 388. *Williston* v. *Michigan Southern & Northern Indiana Railroad,* 13 Allen, 400. *American Steel Foundries* v. *Lazear,* 204 Fed. Rep. 204.

It is manifest that the right to receive the dividends which had accrued but had not been declared on the testator's shares of preferred stock could not have been regarded as constituting a separate part of his estate or have been made subject to the succession tax. He held the stock. If there was at any time an expectation that accrued dividends would be declared and paid in whole or in part, that might have enhanced the value of the stock; but it would have had no other effect. A purchaser of the stock before the declaration of the dividend would have taken the dividend as the product, the earnings of his stock. In other words, as we have said, the right to the dividend did not come into existence

until its declaration. The preferred stockholders, though having the rights of creditors as against the common stockholders, are yet not creditors of the corporation. This is the general rule. *Field v. Lamson & Goodnow Manuf. Co.* 162 Mass. 388. *Miller v. Ratterman,* 47 Ohio St. 141. *Warren v. Queen & Co.* 240 Penn. St. 154. *Warren v. King,* 108 U. S. 389, 399. *Hamlin v. Toledo, St. Louis & Kansas City Railroad,* 78 Fed. Rep. 664. *Ellsworth v. Lyons,* 181 Fed. Rep. 55. *Spencer v. Smith,* 201 Fed. Rep. 647. The same doctrine will appear upon examination to have been maintained in the decisions to which we have been referred upon the statutes of Indiana, under which this preferred stock was created. *Jennings v. Dark,* 175 Ind. 332. *Grover v. Cavanagh,* 40 Ind. App. 340. *Shaffer v. McCulloch,* 192 Fed. Rep. 801.

We do not deem it necessary to discuss all the questions which have been argued. After careful consideration of the able argument made by the guardian *ad litem* and of the authorities cited by him, we are clearly of opinion that the whole amount of the notes received by the petitioner should be paid out as income of the estate, and that the decree of the Probate Court to this effect must be affirmed. All questions of costs and allowances for counsel fees to be settled by a single justice.

*Decree accordingly.*