Hillsborough,
No. 4452.

LAWRENCE M. MUNRO *v.* JOHN M. MULLEN, *Adm'r.*

Argued February 7, 1956.

Decided March 6, 1956.

*Maurice M. Blodgett* (by brief and orally), for the plaintiff.

*Eaton & Eaton* (*Mr. Robert I. Eaton* orally), for the defendant administrator.

DUNCAN, J. Since the testator was domiciled in New Hampshire at death, the rights of the plaintiff under the will are to be determined by the law of this jurisdiction. *Shute* v. *Sargent,* 67 N. H. 305. The bequest to him of "all of the preferred stock" of the company was a specific legacy, and from and after the death of the testator he was entitled to any income from the stock. *Loring* v. *Woodward,* 41 N. H. 391, 394; *Jewell* v. *Appolonio,* 75 N. H. 317; *Dennison* v. *Lilley,* 83 N. H. 422. See *Malcolm* v. *Malcolm,* 90 N. H. 399.

The parties agree that the plaintiff's rights as a stockholder in a Massachusetts corporation are to be determined according to the law of Massachusetts. *Union & New Haven Trust Co.* v. *Watrous,* 109 Conn. 268. See Restatement, Conflict of Laws, s. 183; 63 Harv. L. Rev. 433, 439. The plaintiff asserts that under that law he is entitled to the dividend declared on August 7, 1952, because on the record date of August 25, 1952, he was the beneficial owner of the stock. *Nutter* v. *Andrews,* 246 Mass. 224. The defendant administrator argues that despite the holding of the cited case, the record date was established merely for the protection of the corporation in making payment, and was not intended to control the rights of successive holders *inter se.* Since the testator was alive and owned the stock both when the arrears arose and when the dividend was declared, the defendant asserts that the testator

became entitled to the dividend. In support of his claim, he relies primarily upon *Johnson* v. *Bridgewater Iron Co.*, 14 Gray 274.

As a general proposition, the owner of stock on the date of the declaration of a dividend is held thereupon to become entitled to the dividend, even though payment is made after transfer of the stock. Ordinarily no trust fund is created by the declaration, but a debtor-creditor relationship arises, entitling the stock owner to the dividend when paid. *Hunt* v. *O'Shea*, 69 N. H. 600.

Under modern practice however, the declaration of a dividend frequently fixes a "record date" as of which holders entitled to receive the dividend shall be determined. The practice was first considered to be designed primarily for the protection of the corporation, and not necessarily determinative of the ownership of the dividend as between rival claims. See Notes, 38 Harv. L. Rev. 245 (1925); 27 Geo. L. J. 74 (1938); *Helvering* v. *McGlue's Estate*, 119 F. (2d) 167 (1941). More recently, and because consistent with the custom of dealers in securities, the record date has come to be regarded as controlling of ownership as well. See 7 Ohio St. L. J. 437 (1941); 18 Ind. L. J. 111 (1943). By decision and statute in a majority of jurisdictions the holder of the stock on the record date is held to be entitled to the dividend. Annos: 130 A. L. R. 494, 496, 497; 44 A. L. R. (2d) 1277, 1312; Restatement, Trusts, 1948 Supp. s. 236; Uniform Principal and Income Act, s. 5 (5), 9A U. L. A. 234; *Matter of Hetty Goldman*, 295 N. Y. 609 (1945).

The decision in *Nutter* v. *Andrews*, 246 Mass. 224, 228, holding the record date to be decisive, seems to us clearly in accordance with the majority rule, and to be controlling. While it did not expressly overrule the earlier decision in *Johnson* v. *Bridgewater Iron Co.*, 14 Gray 274, *supra*, (see Newhall, Settlement of Estates (3rd *ed.*) s. 75), it restricted the holding of that case to its own peculiar facts.

In our judgment the dividend declared on August 7, 1952, did not fall within the class of dividends affected by the rule of the *Johnson* case. There is no evidence that the dividend was earned in the period prior to August 15, 1926. We do not interpret the vote of the directors as so stating. It merely served to indicate that the dividend was to pay "arrears . . . to the 15th day of August 1926," and that subsequent arrears remained unsatisfied. The portion of the vote which directed that a sum "be set apart" for payment of the dividend was not of itself such a segregation

of assets as to create a trust. See 11 Fletcher, Cyclopedia Corporations (perm. *ed.*) *s.* 5322; 18 Ind. L. J. 111, 116. "It was the declaration of the dividend which created both the dividend itself and the right of the stockholders to demand and receive it." *Boston Safe Deposit & Trust Co.* v. *Adams,* 219 Mass. 175, 177. At most the action of August 7 provided for establishment of a credit in favor of those who should be stockholders at a later date; and since that date fell after the testator's decease, the credit became that of the legatee, rather than the estate. As owner of the stock on the record date, the plaintiff is entitled to the dividend. *Nutter* v. *Andrews, supra;  Boston Safe Deposit & Trust Co.* v. *Adams, supra.* See 2 Scott, Trusts, *ss.* 236.8, 236.13.

*Exception sustained.*

All concurred.