Carroll,
No. 5141.

PARKER M. MERROW, *Indiv. & Co-trustee*

*v.*

GRACE W. MERROW *& a.*

Submitted June 5, 1963.

Decided July 30, 1963.

*Kalled, Ganem & Cox* for the plaintiff.

*Lawrence J. Walsh,* guardian ad litem, pro se.

*Ernest R. D'Amours,* Director of Register of Charitable Trusts, pro se, furnished no brief.

LAMPRON, J. The devise involved in these proceedings reads as follows:

"Fourteenth. To my wife, Rena McLauthlin Merrow, and my son, Parker McLauthlin Merrow, my estate at Center Ossipee, New Hampshire, known as 'Long Look' . . . to be held by them . . . for the term of their joint lives and to be held by the survivor at the death of the other for the term of his or her life . . . At the termination for any cause of the life tenancies in this property of my wife and my son, above provided for, I give said estate outright . . . in equal shares to the issue of my son, if he shall have any then surviving him." In the absence of such issue the estate is given for life to a sister and brother of the testator, who are now both deceased, and at their death "to my trustee, in trust" for certain charitable purposes.

Rena McLauthlin Merrow has deceased. Plaintiff is the Parker McLauthlin Merrow referred to in the will. The defendant Grace W. Merrow is his wife. They have two children, Lyford A. Merrow II, who has three minor children, and Ann W. Burghardt, who has one minor child. All are defendants in these proceedings.

The Trial Court found expedient the proposed sale to Lyford A. Merrow II of a part of the above devised real estate in exchange for a deed to a parcel of abutting real estate and found and ruled that this sale be authorized. RSA 477:39; *Donovan* v. *Smith,* 81 N. H. 83; *Brierley* v. *Brierley,* 81 N. H. 133, 135.

The Trial Court also found and ruled that in order to draft the deed from Parker Merrow to the owners of "Long Look" in accordance with their respective interests as set forth in the will, it would be advisable to know whether the devise of the remainder to the issue of Parker Merrow is a devise to them "per capita" or "per stirpes."

The first question transferred to this court is the following: "Should the meaning of the above quoted provisions of the will be determined in this action"?

The law is well settled in this state, that fiduciaries can seek advice and instructions in regard to questions necessarily arising in the administration of their trusts. *Gay* v. *Gay*, 97 N. H. 358, 359. The purpose is to protect a trustee in the discharge of his duties and to facilitate the execution of his functions. *Bisson* v. *Gosselin*, 90 N. H. 273, 275. The plaintiff is a trustee under this will and we assume will be appointed trustee in accordance with the prayer in his petition to sell and make the conveyance to be authorized under RSA 477:39. In return he will receive a deed to an adjoining lot and must determine the nature of this grant. The Trial Court has found that the requested instructions would facilitate the execution of his trust. Consequently we are of the opinion that these instructions should be given and the answer to the first question transferred is "yes". *Duncan* v. *Bigelow*, 96 N. H. 216, 218.

The second question is "does the devise 'in equal shares to the issue of my son, if he shall have any then surviving him' devise the property to such issue 'per capita' or 'per stirpes?'"

After devising life estates to his wife and to his son, the plaintiff, and to the survivor, the testator's will provides that at the termination of these life tenancies the estate shall pass outright "in equal shares to the issue of my son, if he shall have any then surviving."

The Trial Court has found that except for the will itself the only other evidence as to the testator's intent "is the testimony of Parker M. Merrow. From his testimony it is found that one Arthur Blodgett and one Martin McLaughlin, who became two of the executors of the will, conferred with the testator about one month prior to his death relative to the provisions of the will, and those gentlemen later advised Parker Merrow, who also became an executor, to the effect that this devise is to Parker Merrow's issue 'per stirpes.'"

Our law is well settled that the testator's intent is the sovereign guide in the interpretation of his will. *Amoskeag Trust Co.* v. *Haskell*, 96 N. H. 89, 91. His intent is determined by such competent evidence as tends to place the court in the testator's position. *Colony* v. *Colony*, 97 N. H. 386, 392. However his intention must be derived from the contents of his will and not from his declarations concerning his intent whether made before or after the execution of his will. *Hills* v. *D'Amours*, 95 N. H. 130, 137. A different intent expressed by the testator after the execution of his will would not be admissible to change the interpretation which is required by the express language of his will. *Jones* v. *Bennett*, 78 N. H. 224; *Steinbrenner* v. *Dreher*, 140 Ohio St. 305; 4 Page on Wills (Bowe-Parker Rev.) s. 32.9, *p.* 266.

In devising the remainder, after the termination of life estates, "to the issue of my son, if he shall have any then surviving him" it seems to us that the testator expressed a clear intention that the identity of the issue of his son who were to receive this remainder was to be determined at the termination of the life estates which as the events have taken place means at the death of Parker M. Merrow. *Colony* v. *Colony, supra.*

The word "issue" in its ordinary meaning is descriptive of the lineal descendants of the deceased which include children, grandchildren and greatgrandchildren. RSA 21:20; *Morse* v. *Osborne*, 75 N. H. 487, 488; *Sylvester* v. *Newhall*, 97 N. H. 267, 271. RSA 561:1 provides that the real estate of a deceased shall descend to his issue in the following manner: it "shall descend in equal shares . . . to the children of the deceased and the legal representatives of such of them as are dead." We are of the opinion that this is what the testator intended by the devise "in equal shares to the issue of my son, if he shall have any then surviving him."

Accordingly if at his decease Parker M. Merrow is survived by his children, none having predeceased him leaving children then living, his children will take per capita in equal shares. If all his children predecease him and he is survived by grandchildren only, they will take per capita in equal shares. If he is survived by a child and children of a deceased child the grandchildren would take their parent's share equally. *Colony* v. *Colony*, 97 N. H. 386, 396.

In this case Parker Merrow's lineal descendants now consist of one son with three children and a daughter with one child.

If they are his survivors, a holding that the property is to be divided per capita among all of them instead of equally between his son and his daughter would produce inequality instead of the equality which the testator expressly sought in his will. 4 Page on Wills (Bowe-Parker Rev.) *ss.* 34:22; 36:15; 36:16.

Accordingly the conveyance to the trustee should be a grant in trust for Parker M. Merrow for life, the remainder in equal shares to his issue if he shall have any then surviving him, otherwise to the trustees of the estate of Lyford A. Merrow for the purposes stated in paragraph "Fourteenth" of his will.

*Remanded.*

DUNCAN, J., dissented; the other concurred.

DUNCAN, J., *dissenting:* It is my opinion that the plaintiff herein is not entitled to the advice which the opinion of the majority undertakes to give. In the first place, this is not a petition for advice or instructions. Secondly, the advice given cannot protect the plaintiff as testamentary trustee in the discharge of any fiduciary duties, because by the terms of the devise which it interprets there can be no distribution until he has deceased; and furthermore he is not entitled to advice concerning contingencies which may never arise. *Cadbury* v. *Parish,* 89 N. H. 464; *Keene* v. *School District,* 89 N. H. 477, 482 and cases cited; *In re Estate of Gay,* 97 N. H. 102, 105.

In the third place, the giving of advice in these proceedings is all the more anomalous because it cannot aid in drafting a deed. As the last paragraph of the majority opinion indicates, the owners of the property at the death of the life tenant cannot now be determined, and any conveyance must be in trust in the language of the will, and cannot run to them as individuals. Moreover, under the terms of the statute, the plaintiff, or whoever is appointed statutory trustee (RSA 477:39), is required to "hold . . . the proceeds" for the benefit of the owners (RSA 477:42) and jurisdiction of ultimate distribution is vested in the probate court. RSA 477:43. Hence the conveyance is required by the statute to be made to the statutory trustee. Accordingly I would answer in the negative the first question transferred.

My dissent is further prompted by the answer given to the second question. I find nothing in the will to indicate that when

the testator used the word "issue," the ordinary meaning of which happens to be embodied in a statutory definition found in RSA 21:20 (*Sylvester* v. *Newhall*, 97 N. H. 267; *Kimball* v. *Penhallow*, 60 N. H. 448), he intended that other statutory provisions relating to intestate descent and distribution (RSA 551:1) should be utilized to require in given contingencies that certain of his "issue" should take by representation or per stirpes rather than "in equal shares" as the will expressly provides. See *Sylvester* v. *Newhall, supra.* Compare the wills before the court in *Thyng* v. *Lane,* 69 N. H. 403; *Petition of Wolcott,* 95 N. H. 23, 25; *Amoskeag Trust Co.* v. *Haskell,* 96 N. H. 89.