Rockingham
No. 7751

DAVID ROYCE

v.

ESTATE OF ELIZABETH DENBY & a.

SIDNEY WESTERMAN, ADMINISTRATOR

v.

ESTATE OF ELIZABETH DENBY & a.

October 31, 1977

David Royce, of Westport, Connecticut, by brief and orally, pro se.

Sidney Westerman, of Everett, Massachusetts, by brief and orally, pro se.

*Perkins, Holland, Donovan & Beckett,* of Exeter (*Mr. Robert B. Donovan* orally), for the defendant.

BOIS, J. Two appeals were taken to the superior court from a decision of the probate court disallowing plaintiffs' respective claims to share in the defendant estate. Randolph Royce was a child of the decedent not named or referred to in her will executed in compliance with the laws of the State of New York. Plaintiff David Royce is an heir at law of Randolph who has since deceased. Plaintiff Sidney Westerman is administrator of the estate of Randolph. The cases were heard by a Master (*Leonard C. Hardwick,* Esq.) on an agreed statement of facts with some oral testimony, and a ruling was returned in favor of the plaintiffs. The master's report was approved by *Mullavey,* J., and all questions of law raised by the exceptions taken and any exceptions appearing in the transcript were reserved and transferred by *Perkins,* J.

The issues raised were set in motion in the summer of 1963 when Kenneth R. McElheny, grandson of Elizabeth R. Denby, moved to Exeter, New Hampshire. The grandmother, who was in her early eighties and who had been a domiciliary of New York for many years, approached Kenneth and his wife about moving to New Hampshire to be close to them. Arrangements were made and

Mrs. Denby gave up her New York apartment, shipping all her possessions to Exeter, where they arrived in the fall of 1963. Prior to her own removal to New Hampshire, she left on a prolonged trip abroad and did not return to New York until March of 1964, where upon she visited with a friend. While there she suffered a stroke which caused her to become permanently and mentally incapacitated, deprived of speech and the ability to write or otherwise communicate. In early April 1964, as soon as she was able to travel, she was taken from New York to Exeter by ambulance. Kenneth was appointed her guardian on June 8, 1964, and continued in that capacity until her death on February 21, 1966.

Mrs. Denby's will executed on January 21, 1963, while she was domiciled in New York, was allowed in the Rockingham County Probate Court and Kenneth was appointed administrator w.w.a. The court decreed that, pursuant to the terms of the instrument, the entire net balance of the estate should be paid to a trust providing for the benefit of her daughter, Katherine and her daughter's two children, Victor K. McElheny and Kenneth R. McElheny. Katherine had a history of mental illness and needed to be supervised and financially provided for. Mrs. Denby also had a son, Randolph Royce, who, from his earliest infancy, had lived with his grandparents, who provided his care and maintenance. Randolph never married, had no issue, and died intestate. He also had a history of mental illness spending the last thirty of his sixty years in the state hospital at Westboro, Massachusetts.

It is agreed that at the time Mrs. Denby executed her will, the laws of the State of New York, where she was then domiciled, did not require a testatrix to name or refer to a child in order to prevent that child from sharing in her estate. In contrast thereto New Hampshire RSA 551:10 provides:

> Every child born after the decease of the testator, and every child or issue of a child of the deceased not named or referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate.

The plaintiffs are now claiming an interest in the estate of Elizabeth Denby on behalf of the estate of Randolph Royce pursuant to the New Hampshire statute. The master, reasoning that the distribution of personal property should be governed by the law of

the domicile at death, gave the statute full force and effect and found for the plaintiffs.

We hold that under the facts of the instant case, RSA 551:10 should not apply to give the estate of Randolph Royce a share of Elizabeth Denby's estate.

The New Hampshire statute reverses the general presumption that a person is deemed to know and approve all dispositions and omissions in her will. 2 W. Page, Wills § 21.105, at 529 (Bowe-Parker rev. ed. 1960). The effect of our statute is to create a rule of law that pretermission of a child or issue of a child, is accidental. *In the Matter of Thomas M. Jackson,* 117 N.H. 898, 379 A.2d 832 (1977). This rule is conclusive unless there is evidence in the will itself that the omission was intentional. It is important to note that the statute thus is not a limitation on the power to make testamentary dispositions but rather is an attempt to effectuate a testator's presumed intent. It prevents forgetfulness, not disinheritance.

RSA 551:10 affords protection against inadvertence for two classes: New Hampshire omitted heirs and New Hampshire testators. Both classes are shielded against the inequitable result of enforcing a will containing an inadvertent omission.

The instant will was drafted in New York while the testatrix was a domiciliary of that state. It specified certain distributions of property she desired to be made; if these failed, her property was to be distributed "to those persons to whom and in those proportions in which the same would have been distributable if I had then died the owner thereof, intestate and a resident of the State of New York." Her will also appointed a New York bank as administrator and trustee and provided that the bank "shall be entitled to compensation in the manner and at the rates from time to time allowed by the laws of the State of New York . . . ."

Elizabeth Denby's will was drafted with reference to and executed under New York law and we must presume that it was executed with knowledge of said law and with intent to comply with it. 4 W. Page, Wills § 30.13 (Bowe-Parker rev. ed. 1960). As noted above, New York has no preterimitted-heir exception to the general principle that a person is deemed to know and intend all dispositions and omissions in her will. 1 *id.* §§ 5, 9. Thus, had

Mrs. Denby never changed her domicile, there would be no question that Randolph Royce was not entitled to any part of her estate.

H. Goodrich and E. Scoles, Conflicts of Laws § 168, at 335 (1964) states: "Where the domicile of the testator was in one state when the will was executed, and in another at the time of his death, on the presumption that he' was using language with which he was then familiar, the view is taken that the construction will be according to the law of the former state (footnote omitted)."

This court has held that a testatrix's intent is the sovereign guide to interpreting her will. *Merrow v. Merrow*, 105 N.H. 103, 193 A.2d 19 (1963). "It is well established law in this state that the intent of the testatrix as expressed in her will is to be given effect." *In re Farnsworth's Estate*, 109 N.H. 15, 241 A.2d 204 (1968). In ascertaining this intent, the court should examine the totality of the circumstances and place itself in the position of the testatrix. *Amoskeag Trust Co. v. Haskell*, 96 N.H. 89, 70 A.2d 210, reh. denied 71 A.2d 408 (1950).

In the instant case, the testatrix executed her will in accordance with a law which allowed her to disinherit a child by implication; she was mentally incapacitated from the time she was permanently moved to New Hampshire and had no effective opportunity to change her will. It would be inequitable for this court to defeat the testatrix's intent to have New York law apply on the basis of a New Hampshire rule to which she had no chance to respond.

We note that our decision does not accord with the usual conflict of laws rule that the law of the place of a testator's domicile at death should control distribution of personalty. *See* 6 W. Page, Wills § 60.10 (Bowe-Parker rev. ed. 1960); *In re Dennis Estate*, 98 Vt. 424, 129 A. 166 (1925); Annot., 9 A.L.R.2d 1412 (1950); *Munro v. Mullen*, 100 N.H. 128, 121 A.2d 312 (1956); *Shute v. Sargent*, 67 N.H. 305, 36 A. 282 (1892). However, this court in recent years has rejected wooden applications of the traditional conflicts rules and has instead made choices of law based on the relevant policies and interests at stake in given situations. *E.g.*, *Maguire v. Exeter & Hampton Elec. Co.*, 114 N.H. 589, 325 A.2d 778 (1974); *Doiron v. Doiron*, 109 N.H. 1, 241 A.2d 372 (1968); *Clark v. Clark*, 107 N.H. 351, 222 A.2d 205 (1966).

898

We hold only that, under the facts of the instant case, it would be inappropriate to apply RSA 551:10 so as to give plaintiffs a share of the defendant estate.

*Exceptions sustained.*

DOUGLAS, J., did not sit; the others concurred.