Hillsborough
No. 82-236

SUSAN ELY

v.

JOSEPH G. DEROSIER

March 31, 1983

*Gregory H. Smith*, attorney general (*Loretta S. Platt*, attorney, on the brief), by brief for the plaintiff.

*Runyon & Sweeney P.A.*, of Peterborough (*Walter H. Sweeney* on the brief), by brief for the defendant.

BATCHELDER, J.   The issue in this appeal is whether the trial court erred when it refused to permit the defendant to raise the defense of non-paternity in a proceeding brought pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), *see* RSA ch. 546, because a judgment of paternity had been rendered against the defendant by a court of another state. We affirm.

On March 27, 1980, as a result of a proceeding in a Connecticut court, the defendant, Joseph G. DeRosier, was determined to be the father of the plaintiff's child, David Eugene Ely, born June 21, 1978. The Connecticut paternity suit was originated by in-hand process served on the defendant in Connecticut. In February 1981, the plaintiff, Susan Ely, filed a URESA petition in superior court in Connecticut seeking to establish an obligation on the part of the defendant to support the child in question. *See generally* CONN. GEN. STAT. ANN. §§ 17-327 through 17-355b (West 1975). The URESA petition, which indicated that a Connecticut court had rendered a judgment against the defendant in a paternity suit, was transmitted to the Hillsborough County Superior Court, and notice was served upon the defendant. A hearing was held on the petition in April 1981 in Hillsborough County Superior Court at which the defendant appeared pro se and was ordered to pay fifteen dollars per week in child support. On December 4, 1981, the defendant was held in contempt of the Hillsborough County Superior Court because he had made no payments pursuant to the court's order. After this he retained counsel, and filed a motion on December 11, 1981, to vacate the court's support order on the basis that he was not the father of the child for whom support had been ordered. In April 1982, the defendant filed two additional motions concerning his defense of

non-paternity. All of these motions were denied by the Trial Court (*Flynn*, J.), and the defendant appealed.

■■ The obligation of support under URESA is generally determined according to the law of the responding state, in this case, New Hampshire. *Rosenberg v. Rosenberg*, 152 Me. 161, 163, 125 A.2d 863, 864 (1956); *see* RSA 546:7; C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE, FAMILY LAW § 354 (1982). Although State law provides that an obligor in a URESA proceeding may assert as a defense that he is not the father of the child for whom support is sought, the court will hold a hearing on the issue only when it appears the defense is not frivolous. RSA 546:26-a. If the issue of paternity already has been determined against the defendant in another jurisdiction, such a judgment is deemed *res judicata* and generally will be afforded full faith and credit by the responding state. *See Luedtke v. Koopsma*, 303 N.W.2d 112, 114 (S.D. 1981).

■■ A judgment of a sister state must be given full faith and credit if the foreign court had jurisdiction over the subject matter and the person. *Paragon Homes, Inc. v. Gagnon*, 110 N.H. 279, 280, 266 A.2d 207, 208 (1970). In any case, the existence of a judgment of a foreign state is at least *prima facie* evidence that it was properly rendered, and the burden of overcoming its validity is on the party attacking the judgment. *Sutton v. Leib*, 342 U.S. 402, 408 (1952); 47 AM. JUR. 2d *Judgments* § 1237, at 238 (1969).

■ The record before us does not indicate that the defendant has shown any infirmity in the Connecticut judgment which would have warranted the trial court's refusal to afford it full faith and credit. Accordingly, we affirm the trial court's denial of the defendant's attempt to assert a defense of non-paternity. It is unnecessary to discuss the defendant's other arguments concerning the statute of limitations and a blood test, because they depended upon a finding that the paternity defense was viable, notwithstanding the Connecticut judgment.

*Affirmed.*

All concurred.