Merrimack
No. 83-142

### E. Donald Wilson

v.

### Henry M. Shepard and Forest–All Corporation

December 29, 1983

*Law Offices of Robert V. Johnson, II,* of Concord (*Anthony M. Ambriano* on the brief), by brief for the plaintiff.

*Upton, Sanders & Smith,* of Concord (*Russell F. Hilliard* on the brief), by brief for the defendant Henry M. Shepard.

BATCHELDER, J. The superior court enforced an Ohio default judgment against Henry M. Shepard and Forest-All Corporation. Henry M. Shepard appealed, alleging that the Ohio judgment was not entitled to be given full faith and credit by the New Hampshire courts because the complaint, on which the default judgment was based, did not state a cause of action against him as an individual. We hold that the Ohio judgment is entitled to full faith and credit in our courts and affirm.

In November 1976, the plaintiff filed a complaint in the Court of Common Pleas, Ross County, Ohio, against the defendants, Henry

M. Shepard and Forest-All Corporation, alleging breach of contract. The defendants filed an answer and a counterclaim in November 1977 which they later amended in April 1980. When the defendants failed to comply with a court order to appear, the Ohio court, on July 17, 1981, struck the answer and the counterclaim, deemed the allegations in the complaint admitted and scheduled a trial on the issue of damages.

The defendants then filed a motion to vacate the judgment, and the court ruled that it would consider the motion if the defendants filed certain pleadings. When the defendants failed to file as requested, the court reinstituted its July 17, 1981, judgment. After a trial, the court awarded the plaintiff damages of $10,686 and costs of $26.50 to be recovered jointly and severally from the defendants.

The plaintiff filed suit in the superior court to enforce the Ohio judgment against the defendants. In March 1983,. the Trial Court (*Souter,* J.) granted the plaintiff's motion for summary judgment, holding that the Ohio judgment was entitled to full faith and credit in the New Hampshire courts. The defendant Henry M. Shepard appeals.

The defendant Shepard argues that the Ohio default judgment, holding him jointly and severally liable for damages resulting from the breach of contract, is not entitled to full faith and credit because it was not responsive to the Ohio complaint, which failed to state a claim for his personal liability. He argues that he was sued only as an agent of the Forest-All Corporation and, under Ohio law, is not personally liable for the corporation's breach of contract.

 Article IV, section 1 of the United States Constitution provides that "[f]ull faith and credit shall be given in each state to the . . . judicial proceedings of every other state." "[I]n order to fulfill this constitutional mandate, 'the judgment of a state court should have the same credit, validity and effect, in every other court of the United States, which it had in the state where it was pronounced.'" *Underwriters Assur. Co. v. North Carolina Life*, 455 U.S. 691, 704 (1982) (quoting *Hampton v. McConnel*, 3 Wheat. 234, 235 (1818)); *see Ely v. DeRosier*, 123 N.H. 249, 251, 459 A.2d 280, 282 (1983). However, the full faith and credit clause does not demand

> "that a judgment rendered by a court which has jurisdiction of the person, but which is in no way responsive to the issues tendered by the pleadings and is rendered in the actual absence of the defendant, must be recognized as valid in the courts of any other State."

*Reynolds v. Stockton*, 140 U.S. 254, 264 (1891). Rather, the enforcing court may inquire as to "whether the judgment so rendered was so

far responsive to the issues tendered by the pleadings as to be a proper exercise of jurisdiction on the part of the court rendering it." *Id.* at 265.

The question that we must answer, therefore, is whether the judgment rendered by the Ohio court was responsive to the pleadings before it. In his complaint, the plaintiff named both the Forest-All Corporation and Henry M. Shepard as defendants. He alleged that he entered into a contract with the Forest-All Corporation and Henry M. Shepard for the purchase of a sawmill, that the sawmill delivered was not what was ordered, that the sawmill was returned to the defendants, that the defendants had not delivered a conforming sawmill or returned his deposit, and that because the defendants failed to comply with their contract, the plaintiff suffered damages. He then sought judgment against the defendants.

■ A general reading of the whole complaint makes clear that the scope and object of the suit was to hold both the corporation and Henry M. Shepard liable for damages resulting from their breach of contract. Although the complaint did not state the ground on which Shepard might be found personally liable, whether as an agent for the corporation, as the alter ego of the corporation, or as an independent party to the contract, the complaint was sufficient to state a cause of action against him personally. *See Stephens v. Boothby,* 40 Ohio App. 2d 197, 199, 318 N.E.2d 535, 536 (1974) (a complaint is sufficient under Ohio Civil Rule 8(A) unless it affirmatively appears from the complaint that there can be no set of facts which might entitle the plaintiff to the relief requested).

■ The Ohio judgment awarded the plaintiff damages to be recovered jointly and severally from Forest-All Corporation and Henry M. Shepard. The award consisted of a return of the plaintiff's deposit, damages for loss of the use of the sawmill and punitive damages. We cannot say that this judgment was not responsive to the pleading. A breach of contract action against the defendants was pled and the Ohio court rendered judgment against the defendants on that cause of action. If the plaintiff had alleged only that the defendant was liabile as an agent of the corporation and the court had found the defendant liable as the alter ego of the corporation, then that judgment would not be entitled to full faith and credit. *See Reynolds v. Stockton,* 140 U.S. 254, 271 (1891). But no such limiting words can be found in the complaint or the judgment.

The defendant argues that the plaintiff limited his claim against the defendant to that of an agent of the corporation, and therefore did not state a valid cause of action against him. *See Aungst v. Creque,* 72 Ohio St. 551, 74 N.E. 1073 (1905). Even if the complaint

is so limited, and the judgment is based on an "invalid" cause of action, the full faith and credit clause is applicable.

■■ *Reynolds v. Stockton* was not concerned with the validity of the cause of action underlying the judgment but with the relationship between the complaint and the judgment. If the Ohio judge erred in allowing the plaintiff to recover from Shepard, the remedy available to Shepard was an appeal in the Ohio court system, not a collateral attack on the judgment in the New Hampshire courts. "[T]he full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action . . . or the validity of the legal principles on which the judgment is based." *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *see Overmeyer v. Eliot Realty*, 371 N.Y.S.2d 246, 256–57 (1975) (although Texas judgment fastened liability on plaintiff contrary to earlier opinion of higher court, that error of law was not a ground for denying full faith and credit in New York courts).

Therefore, the Ohio default judgment against Mr. Shepard and Forest-All Corporation is entitled to full faith and credit in the New Hampshire courts.

*Affirmed.*

DOUGLAS and SOUTER, JJ., did not sit; the others concurred.