Mildred E. SERFASS,
Plaintiff-Respondent,

v.

Larry Richard WARNER,
Defendant-Appellant.

No. 13830.

Missouri Court of Appeals,
Southern District,
Division Two.

March 7, 1986.

Ralph W. Muxlow, II, Richland, for defendant-appellant.

Jack A. Bennett, Pros. Atty., Camdenton, for plaintiff-respondent.

HOGAN, Presiding Judge.

This is an action initiated in Texas by the petitioner (plaintiff) under the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA), our version of which is presently codified as Chapter 454, RSMo 1978, as amended by Laws of Mo.1982, p. 627 and Laws of Mo.1985, p. 941.[1] The initiating petition, which fully complies with the requirements of § 454.110, RSMo 1978, was filed in the Circuit Court of Camden County July 29, 1982. Defendant was personally served August 18. The case finally stood at issue by April 1984. Thereafter, the trial court held two brief hearings, receiving among other things the entire file of the two Texas courts which had dealt with the cause, authenticated as provided by § 490.130, RSMo 1978. On May 23, 1984, the court entered an order or judgment which is essentially an updated rescript of the Texas decree for support.

The defendant now appeals, contending that the trial court erred in ordering the defendant to pay a sum beyond his means and ability to pay and that the trial court erroneously refused to permit him to prove that he was not the father of several children born to the marriage. The plaintiff argues that this court has no jurisdiction because no final judgment has been entered.

■ The plaintiff's contention that there is no final and appealable judgment is of concern because unless a final and appealable judgment has been entered, this court has no jurisdiction of the appeal. See, e.g., *Freeze v. Snider*, 429 S.W.2d 257, 258[1] (Mo.1968); *Bays v. Lueth*, 323 S.W.2d 236, 237–38 (Mo.1959). This is not a case in which the trial court has designated a partial adjudication as final and appealable under Rule 81.06, and we have no occasion to consider the construction of that rule, nor to consider what order of partial adjudication constitutes a "judicial unit," for which see *Lipton Realty v. St. Louis Housing Authority*, 655 S.W.2d 792, 793–94 (Mo.App.1983).

■ The trial court's docket entry of May 23, 1984, which purports to dispose of the case, is ambiguous. In such case, we look to the entire record to ascertain the court's intent. *State ex rel. Anderson Motor Service Co. v. Public Service Commission*, 234 Mo.App. 470, 489, 134 S.W.2d 1069, 1079 (1939), aff'd 348 Mo. 613, 154 S.W.2d 777 (1941); *First National Bank of Colorado Springs v. Mark IV Co.*, 591 S.W.2d 63, 69[7–9] (Mo.App.1979). Having considered the whole record, we are convinced that the trial court intended its findings of fact and conclusions of law to be the final judgment in this case. This court has examined the question of the *form* which a final judgment must take, and has concluded that any memorandum or minute entry made part of the record is sufficient as a judgment when it appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action and shows in intelligible language the relief granted. *Magee v. Mercantile-Commerce Bank & Trust Co.*, 339 Mo. 559, 561, 98 S.W.2d 614, 616[4] (1936); *Byrd v. Brown*, 641 S.W.2d 163, 167 (Mo.App.1982).

The findings and conclusions of the trial court fully satisfy the criteria we have just recited. The findings and conclusions recite that: 1) the defendant is barred from litigating the issue of paternity because that question has already been litigated in

1. Our original version of the Uniform Reciprocal Enforcement of Support Act, adopted in 1959, was essentially the act approved by the Commissioners on Uniform State Laws in 1950 and thereafter amended by them in 1952 and 1958. See 9A U.L.A. p. 758 and comment pp. 747–57 (1979) and Laws of Mo.1959 S.B. 118. In 1968, the Commissioners approved a revised act which amended the original act extensively. The act has been widely adopted but unfortunately in many variant forms. For a general discussion of the 1958 version of the act, see H. Clark, Domestic Relations § 6.6, pp. 206–12 (1968).

Texas; 2) the defendant, having the ability to do so, is ordered to pay $239 per month as child support; 3) that defendant is in arrears in the payment of support in the amount of $16,454 as of April 1984, that he has the ability to pay and shall pay the sum of $100 per month toward the arrearage owed.

The findings and conclusions also specify the following facts found by the court: 1) that defendant owes a duty of support to four minor children by reason of a decree rendered by a Texas District Court; 2) that defendant has, by various pleadings in the Texas courts, admitted the legitimacy of the children to whom he owes a duty of support, and 3) that from the evidence, it appears that defendant has sufficient means to pay the sum of $339 per month as child support and in reduction of the arrearage.

■ Setting aside those incomplete adjudications which may be appealable under Rule 81.06, what are the characteristics of a final and appealable judgment? One such characteristic is that it ordinarily should dispose of all the parties and the issues in the case, specifically or by necessary implication. *Glick v. Glick,* 372 S.W.2d 912, 915 (Mo.1963); *Weir v. Brune,* 364 Mo. 415, 417–18, 262 S.W.2d 597, 599[1–3] (1953). The only issues actually tried in this case were whether the defendant owed a duty to support the children on whose behalf the action was brought, whether he was in arrears in paying child support and whether he had the means to make child support payments. Those issues were addressed and resolved by the trial court's findings. The judgment is final in the sense that it disposes of all the parties and all the issues. Another characteristic of a final judgment for money is that it should specify with definiteness and certainty the amount for which it is rendered and be responsive to enforcement as provided by law. *Allison v. Allison,* 540 S.W.2d 635–36[1] (Mo.App.1976). The judgment rendered in this case operates in praesenti and is susceptible of enforcement by execution. The court's failure to em-

body its judgment in a formal judgment entry did not prevent its becoming effective. *Munn v. Garrett,* 666 S.W.2d 37, 39 (Mo.App.1984).

The judgment is therefore final and appealable unless, as the plaintiff contends, remarks made by the trial court and the recital in the findings that defendant pay support and reduce arrearage "until the further order of the court" somehow operate to make the judgment interlocutory or conditional.

At the second of the two hearings, May 15, 1984, counsel for defendant indicated to the trial court that defendant had applied for disability benefits under the provisions of 42 U.S.C.A. § 423. His claim had been administratively denied, but review of that denial in the United States District Court was pending. Counsel asked the court for a temporary order in case the disability benefit was allowed. The court made the following statement:

> "THE COURT: All right. Then let's proceed. Court will be taking this matter as it—*for all probability, depending upon what the evidence shows, as a temporary order until there is definite evidence as to the Social Security awards to be given in the matter. Defendant may present his evidence on this."* (Our emphasis.)

■ The court then heard evidence, or a tender of evidence, none of which had anything to do with the award of disability benefits. An announcement, merely intended to acquaint the parties with the judgment which may be entered in case particular evidence appears does not amount to the rendition of a judgment. *Marsden v. Nipp,* 325 Mo. 822, 831, 30 S.W.2d 77, 81[6–7] (1930). Further, the phrase "until the further order of the court" must be construed as having reference to action within the findings supported by the decree, and so construed, does not destroy the finality of the judgment for purposes of appeal. *Koplar v. Rosset,* 360 Mo. 1201, 1210–11, 233 S.W.2d 1, 5[2, 3] (1950). The judgment is final and appealable within the intent of § 512.020,

RSMo 1978, and this court has jurisdiction of the appeal.

Upon the merits, it is fair to say that the plaintiff made proof of the defendant's duty of support by offering an authenticated copy of a decree of divorce entered by the District Court of Bell County, Texas, on December 22, 1976. The Texas decree recites that the parties appeared in person and by attorney. The court further found that it had jurisdiction of the cause, that grounds for divorce existed and ordered the parties divorced. The trial court also specifically found that the parties were the parents of 5 children under the age of 18 years. The court ordered the defendant to pay plaintiff child support in the amount of $500 per month, the first payment to be due and payable on the 5th day of January 1977, a like sum being due and payable on the same day each calendar month until the date any child reached the age of 18 years or was otherwise emancipated. Thereafter, defendant was ordered to pay plaintiff the sum of $100 per month per child until the date any child reached the age of 18 years or was otherwise emancipated. The decree conformed to the defendant's duty of support under the Texas statute then in force. V.T.C.A., Family Code § 14.05, prior to amendment in 1983.

The plaintiff also had evidence that since the Texas decree was entered, the parties' eldest child (possibly an adoptive child) had been married; therefore the total amount due under the Texas decree had been reduced to $400 per month. Also, beginning in March 1982, plaintiff had been and was receiving the sum of $161 per month directly from the Veteran's Administration, reducing the monthly amount due from the defendant as child support to $239. The arrearage owed, as of April 1984, was $16,-454. As we have seen, judgment was entered accordingly.

The defendant argues that the trial court erred and abused its discretion in ordering defendant to pay the sum of $339 per month as child support and in reduction of the arrearage because the evidence established that defendant did not have the financial ability to pay that sum. We are cited to *Olson v. Olson*, 534 S.W.2d 526 (Mo.App.1976) and *Swan v. Shelton*, 469 S.W.2d 943 (Mo.App.1971). *Swan* is directed to the effect of former § 516.350, which has no application here because payments on the Texas decree were made and *entered of record* well into 1980, as evidenced by the authenticated record of the Texas court. In *Olson*, the petition for support was not based on the foreign decree; the court specifically so recited. See *Olson*, 534 S.W.2d at 529.

The evidence was that at the time the decree of divorce was entered, defendant was on active duty in the United States Army and was stationed at Fort Hood, in Texas. Defendant retired from military service on December 31, 1980. Shortly after he retired, defendant underwent "open-heart" surgery. As a result of that operation, he is totally disabled and unable to engage in any gainful employment. The defendant receives $1,418 per month in disability benefits. He also receives $200 per month as rent on rental property. At trial time, defendant was building a home, located near Linn Creek in Camden County. A statement of assets and liabilities, filed with the trial court in this proceeding on April 17, 1984, indicated that the defendant owned an unencumbered "lake lot" at or near Linn Creek valued at $15,000. The defendant's present wife is employed in Camdenton at a Wal-Mart store. She earns "right at" $10,000 per year. The joint income of the defendant and his wife is about $2,000 per month or $24,000 per year. All the defendant's property is owned by him and his present wife as tenants by the entirety. The record does not disclose whether the plaintiff is employed, nor does our statute permit us, as do some versions of the URESA, see *County of Stanislaus v. Ross*, 41 N.C.App. 518, 255 S.E.2d 229 (1979), to take the initiating petition as prima facie evidence of the facts stated therein. However, $100 per month per child could not be considered excessive, judged by almost any standard. If the defendant had wished to pursue her ability

to support the children, he could have done so when she appeared in person before the Missouri court on April 24, 1984. He did not do so, and is in no position to complain before this court.

■ The defendant also vigorously argues that he should have been allowed to prove he was not the father of several of the children. He misunderstands the import of our Uniform Reciprocal Enforcement of Support Law. Both parties seem to have proceeded under the impression that the 1982 amendments to Chapter 454 applied to this action, but Laws of Mo.1982, p. 627, which contained those amendments, did not become effective until August 13, 1982, *after* this action was commenced on July 29, 1982. It is true that a statute which affects only procedure or remedy *may* apply to actions commenced before its enactment, *State ex rel. Research Medical Center v. Peters,* 631 S.W.2d 938, 946 (Mo. App.1982), but the question has not been briefed for us and we decline to decide the applicability of the 1982 amendments sua sponte.

■ Putting such matters aside, there is no doubt that our Uniform Reciprocal Enforcement of Support Law could, before its amendment, serve as a remedy to enforce the duty to support an illegitimate child. *State of Iowa ex rel. Nauman v. Troutman,* 623 S.W.2d 269 (Mo.App.1981). However, the defendant had no right to contest the initiating state's determination that the children were legitimate issue. It is uniformly held that in an action under the Uniform Reciprocal Enforcement of Support Act, the original judgment of divorce is conclusive (res judicata) on the issue of paternity. *East v. Pike,* 163 Ga. App. 375, 294 S.E.2d 597, 598 (1982); *Engelson v. Mallea,* 180 N.W.2d 127, 132[11] (Ia.1970); *Ely v. DeRosier,* 123 N.H. 249, 459 A.2d 280, 282[1, 2] (1983); *Luedtke v. Koopsma,* 303 N.W.2d 112, 113 (S.D.1981). See also: *Savage v. Purcell,* 9 S.W.2d 823, 824 (Mo.App.1928); Annot., 78 A.L.R.3d 846, 856 § 5[a] (1977). The trial court correctly held that the issue of paternity was foreclosed in this case.

What we have said is sufficient to dispose of the issues fairly tendered on appeal. However, at the time the initiating petition was filed, the defendant was under a duty of support to four of his children. During the pendency of this proceeding, two of the children have reached the age of 18, and the decree upon which the action is based terminates his obligation of support at age 18. Further arrearages may have accrued. The judgment of the trial court is affirmed, but the cause is remanded for modification in light of conditions which may have changed since the original judgment was entered. A final judgment should then be prepared, reciting the findings and the decretal parts of the court's judgment. The judgment should direct payment to be made to the registry of the 307th Family District Court, Gregg County, Longview, Texas, and an authenticated copy of the judgment should be sent forward to the clerk of that court. Judgment for $41 costs incurred by the initiating state should be taxed against the defendant. It is so ordered.

PREWITT, C.J., and MAUS and CROW, JJ., concur.