Merrimack County Probate Court
No. 93-686

*In re* ESTATE OF KENNEDY F. RUBERT, JR.

December 29, 1994

*McSwiney, Semple, Bowers & Wise, P.C.*, of New London (*Robert E. Bowers, Jr.* on the brief and orally), for the plaintiff, Isabella F. Rubert Tosco.

*Hall, Morse, Anderson & Miller, P.C.*, of Concord (*G. Wells Anderson* on the brief and orally), for the defendant, Kennedy F. Rubert, III.

THAYER, J. The defendant, Kennedy F. Rubert, III, appeals the decision of the Merrimack County Probate Court (*Cushing*, J.) awarding half of the decedent's New Hampshire estate to the plaintiff, Isabella F. Rubert Tosco, pursuant to the New Hampshire pretermitted heir statute. RSA 551:10 (1974). The defendant contends that the probate court's determination of domicile and application of New Hampshire's pretermitted heir statute was error. We reverse the finding that the decedent was domiciled in New Hampshire and affirm the application of the pretermitted heir statute to the New Hampshire real property.

The decedent, Kennedy F. Rubert, Jr., and his wife, Florence, moved to Dunbarton in 1980. Their daughter, the plaintiff, lived next door. Their son, the defendant, lived in Virginia. The decedent and his wife made several extended trips to Virginia to visit their son and for Mrs. Rubert to see her doctors. In January 1987, the decedent leased a unit in a retirement facility in Virginia for himself and his wife.

Florence Rubert died on January 28, 1987. On February 2, the decedent leased a unit for himself in a different retirement facility in Virginia. On February 5, he spoke with a Virginia attorney about creating an inter vivos trust for the benefit of his daughter and making a new will that would leave everything to his son. Because the decedent was planning a trip to New Hampshire before the attorney would have the new will ready, he drafted and executed a handwritten will leaving everything to his son. On February 18, he returned to New Hampshire, where he died on February 20.

The defendant submitted the handwritten will for probate in Virginia on March 6, 1987. The plaintiff appealed the clerk's order permitting probate of the will to the Circuit Court of the City of Richmond, alleging that the decedent was domiciled in New Hampshire and that the Virginia court lacked jurisdiction to probate the will. The plaintiff and the defendant each put on evidence, and the circuit court found, by final order of November 29, 1988, that the decedent was domiciled in Virginia, that jurisdiction and venue were proper, and that

the will was valid. The plaintiff's appeal to the Supreme Court of Virginia was dismissed for procedural reasons.

Before the Virginia litigation had commenced, the plaintiff notified the Merrimack County Probate Court that she would likely challenge any attempt at ancillary probate under the Virginia will. The defendant filed the will in Merrimack County in December 1989, requesting that the probate court recognize the handwritten will as a valid foreign will, and that the Virginia determination of domicile be given full faith and credit. The plaintiff contested the will, and the findings of the circuit court were relitigated. In September 1993, the probate court found that the decedent was domiciled in New Hampshire at the time of his death, and that the plaintiff was entitled, under our pretermitted heir statute, to one-half of all of the decedent's real and personal property located in New Hampshire at the time of his death.

On appeal, the defendant argues that: (1) the Virginia determination of domicile is entitled to full faith and credit under article IV, section 1 of the United States Constitution; (2) the probate court's finding of domicile in New Hampshire is not supported by the evidence; and (3) New Hampshire law should not apply to the distribution of the decedent's New Hampshire real property because the result would be contrary to the decedent's intent.

## I. Domicile

The defendant argues that the probate court erred in refusing to grant full faith and credit under article IV, section 1 of the United States Constitution to the Virginia court's determination of domicile. We agree. The final judgment of a court of competent jurisdiction is entitled to the same faith and credit as to the parties before it as it has in the State of issuance. *See Wilson v. Shepard*, 124 N.H. 392, 394, 469 A.2d 1359, 1360 (1983).

Whether a decision is final depends on whether it is subject to collateral attack in the State of decision. *See V & V Corp. v. American Policyholders' Ins. Co.*, 127 N.H. 372, 375, 500 A.2d 695, 697–98 (1985). The plaintiff has offered no proof that a determination of domicile is subject to collateral attack in Virginia. It appears that the plaintiff's only remedy in Virginia would be a direct attack in the form of an appeal to the Virginia Supreme Court. The plaintiff's appeal was refused because she failed to comply with the appropriate transcript requirements. The fact that the plaintiff's Virginia appeal was refused on procedural grounds does not give her the right to relief in a New Hampshire court. *See Wilson v. Shepard*, 124 N.H. at 396, 469 A.2d at 1361. Even incorrect determinations of law may not be collaterally attacked in another State if they could not be so challenged in the State of decision. *See id.*

The plaintiff does not argue that she was denied an opportunity to fully and fairly litigate the issue of domicile in Virginia. The full faith and credit clause prevents parties from relitigating factual issues properly determined by an appropriate forum in a sister State. *See Durfee v. Duke*, 375 U.S. 106, 109 (1963).

We therefore find that the Virginia determination of domicile is valid and final as to the plaintiff and merited full faith and credit in our probate court. Accordingly, we reverse the probate court's finding that the decedent was domiciled in New Hampshire. Because we hold that the Virginia determination of domicile was entitled to full faith and credit, we need not address the defendant's argument that the probate court's finding of domicile was not supported by the evidence.

## II. *Pretermission*

■ Pretermitted heir statutes protect a child omitted from a parent's will by allowing the child to take an intestate share of the estate as if there was no will. *See In re Estate of Came*, 129 N.H. 544, 550, 529 A.2d 962, 966 (1987). New Hampshire's statute protects any child not mentioned in the will. RSA 551:10 (1974). In contrast, the Virginia equivalent protects only those children born after the will is made. *See* VA. CODE ANN. §§ 64.1-70, -71 (Michie 1991). Because she was alive at the time the will was made, the plaintiff is therefore a pretermitted heir under New Hampshire law, but not under Virginia law.

■ Under the law in both jurisdictions, a decedent's personal property passes according to the law of the State of domicile, while real property passes according to the law of the State where it lies. *Eyre v. Storer*, 37 N.H. 114, 120 (1858); *French v. Short*, 151 S.E.2d 354, 356–57 (Va. 1966). Because the plaintiff is a pretermitted heir only under New Hampshire law and we find that the decedent was domiciled in Virginia, the plaintiff is entitled to an intestate share of the decedent's real property in New Hampshire, *see Eyre v. Storer*, 37 N.H. at 123, but not the decedent's personal property.

■ The probate court found that New Hampshire's strong policy in favor of protecting pretermitted heirs warranted application of the statute in the plaintiff's favor to both real and personal property located in New Hampshire at the time of the decedent's death. Relying on *Royce v. Estate of Denby*, 117 N.H. 893, 379 A.2d 1256 (1977), the defendant argues that our pretermitted heir statute is inapplicable even as to the decedent's real property in New Hampshire because the decedent intended to disinherit the plaintiff. His reliance on *Royce* is misplaced. The *Royce* holding was limited to the facts of that case, which are distinguishable from those before us. *Id.* at 896, 379 A.2d at

1258. *Royce* involved a testatrix who moved to New Hampshire after becoming permanently and mentally incapacitated and deprived of all ability to communicate; she therefore had no opportunity to change her will to comply with New Hampshire law. We recognized that it would be inequitable to apply the New Hampshire rule that the law of the domicile controls the succession to personalty when the testatrix had no opportunity to respond to New Hampshire law. *Id.* at 897, 379 A.2d at 1259. Here, the decedent had an opportunity to change his will after relocating, and actually executed a new will that complied with the law of his new domicile.

In addition, we have held that

> [t]he effect of the [pretermitted heir] statute is to create a conclusive rule of law that pretermission of a child is accidental, unless the testator devises or bequeaths property to the child or names or refers to the child in the will. The statutory presumption will be upheld even if the testator's intent is defeated as a result.

*In re Estate of Came*, 129 N.H. at 547–48, 529 A.2d at 964 (citations omitted). We see no reason to deviate from the traditional rule that the law of the situs controls the succession to real property. Consequently, we affirm the probate court's ruling with respect to the real property located in New Hampshire and reverse with respect to domicile and the personal property.

*Affirmed in part; reversed in part.*

All concurred.